■    INGEBORG M. HUGHES, Respondent, v. THOMAS W. HUGHES, Appellant. — In an action in which plaintiff was granted a judgment of divorce, defendant appeals, as limited by his brief, from so much of a post-judgment order of the Supreme Court, Westchester County, dated October 9, 1970, as denied his motion to amend the judgment so as to grant him custody of the parties' children. Order reversed insofar as appealed from, without costs, and case remanded to Special Term for a hearing de novo and a new determination on the issue of custody. The parties' two children are 16 and 17 years of age, respectively. Prior to the divorce judgment rendered in plaintiff's favor, Special Term conducted an off-the-record interview with the children, at which time the parties' son indicated that, although he preferred to continue living with his father, he did not want to make a choice between his parents. The daughter informed the court that she had no preference with respect to custody. However, after judgment and upon hearing that their custody had been awarded to their mother, both children allegedly became extremely upset. Shortly thereafter they revealed to their father, and in letters to the court, that they wanted to remain with their father.   In their affidavits in support of their father's application for reconsideration of the custody issue, they revealed that they had misunderstood the nature of the court's interview and had concealed their real preference for their father. The plaintiff mother maintains that her former husband's occupation keeps him away for most of the day and also for extended periods of time during business trips and, as a result, there would be an absence of much-needed parental supervision and discipline if custody were awarded to him. The defendant father, on the other hand, maintains that his former wife was unable to cope with their children's problems or to discipline them properly when the children were in her custody. He also avers that while the parties were only separated both children left their mother, without objection, and came to live with him despite an outstanding award of custody to plaintiff. The affidavits of the respective parties also contain several conflicting allegations and charges concerning each other's ability to care for these young people. Under the circumstances we feel that the question of custody requires a hearing. We note also that, although the expressed desires of children are not controlling

in custody matters, such desires are, however, an important factor in the over-all determination as to what is in their best interests. This is especially so where the children are advanced in age and have indicated a strong preference for one of their parents. In any event, we feel that Special Term should make its determination after a consideration of the conflicting charges and allegations. It is suggested that Special Term avail itself of the appropriate Family Court facilities for investigation to aid it in reaching its determination. Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.