■ In the Matter of Nancy II, Respondent, v Larry II, Appellant.— Appeal from an order of the Family Court, Schuyler County, entered July 18, 1975, which granted petitioner custody of her four children, and ordered appellant to pay $15 per week for the support of each child. On February 27, 1975 the petitioner instituted a proceeding in Schuyler County Family Court to obtain custody of the four children of her marriage to appellant, who then had custody pursuant to a temporary Supreme Court order in a pending divorce action. On March 20, 1975 appellant obtained a judgment of divorce from the Schuyler County Supreme Court, which referred all future questions of custody to the Family Court. The Family Court granted custody to petitioner and the sole question on this appeal is whether this decision was correct. Our review of the record herein and particularly the decision of the Family Court leads us to the conclusion that the order appealed from should be reversed. The trial court found that the appellant had properly cared for the children's needs during the period in which they had been his exclusive responsibility. The sole reasons given for awarding custody to the petitioner were that "our courts normally favor custody of young children remaining with the mother" and that "regardless of modern day equality and independence of the sexes, the history of families in this country shows a general accepted pattern of the mother providing the daily care, training and supervision of the children in the home and the father as breadwinner taking the role of 'provider' through his efforts at place of employment". Although such statements may be true (15 NY Jur, Domestic Relations, § 354), the apparent reliance by the trial court upon these principles, as

evidenced by the absence of any further stated reason for the award of custody to petitioner, constitutes reversible error. A decision based upon such considerations flies directly in the face of the statutory mandate that "there shall be no prima facie right to the custody of the child in either parent" (Domestic Relations Law, § 240). While this court has the power to review questions of law and of fact and may, in a proper case, render such judgment as should have been rendered by the trial court after a nonjury trial, where the evidence is in sharp conflict and the veracity of witnesses is critical we must order a new trial and not make new findings of fact (*Walden v Walden,* 41 AD2d 664). At the new hearing, testimony should be adduced as to any change in the respective circumstances of the parties including, but not limited to, the remarriage of petitioner, since the time of the original hearing in order that the trial court may be in a position to ascertain the best interests of the children (*Matter of Darlene T.,* 28 NY2d 391). Order reversed, on the law and the facts, without costs, and matter remitted to Family Court for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.