■ In the Matter of G X G RESTAURANT, INC., Petitioner, v STATE OF NEW YORK LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated May 25, 1976 and made after a hearing, which (1) revoked petitioner's restaurant· liquor license and (2) imposed a $1,000 bond claim. Determination confirmed and proceeding dismissed on the merits, with costs. The determination under review is, on the entire record, supported by substantial evidence. Hopkins, Acting P. J., Martuscello, Cohalan, Margett and Shapiro, JJ., concur.

■ In the Matter of MARGARET HARRISON, Appellant, v THOMAS HARRISON, Respondent. (And a Similar Title.)—In proceedings, *inter alia,* to determine custody of the parties' child, and for support, the appeal is from so much of an order of the Family Court, Westchester County, dated December 16, 1975, as, after a hearing, (1) awarded custody of the child to the father, (2) made provisions for visitation and (3) dismissed appellant's petition for support "at this time pending the formal filing by the Department of Social Services". Order modified by deleting therefrom the third decretal paragraph, which dismissed appellant's petition for support, and said proceeding remanded to the Family Court for a hearing on the question of support. As so modified, order affirmed insofar as appealed from, without costs or disbursements. There was evidence that appellant often was away from home during the evening and did not return until early the next morning, and that she frequently neglected to properly clothe, clean, and feed the child, necessitating that her husband, the respondent, do those tasks. Under the circumstances, it would be in the best interests of the child for the father to retain custody (see Domestic Relations Law, § 70; *Matter of Bennett v Jeffreys,* 40 NY2d 543; *Matter of Toni "FF" v James "FF",* 37 AD2d 893). We note that the Family Court made affirmative findings as to the best interests of the child (cf. *Matter of Bennett v Jeffreys, supra).* However, the Family Court erred in dismissing appellant's support petition. There was testimony that respondent is employed as a pipe fitter and earns a gross salary of about $189 per week, with a take home pay of about $140; appellant is receiving public assistance. A further hearing should be held to determine the amount respondent is able to provide for his wife (see Family Ct. Act, § 412). Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur.