■ In the Matter of ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v IRVA XX, Appellant.—Appeal from an order of the Family Court of Ulster County, entered May 28, 1976, which granted an application by the Commissioner of Social Services of Ulster County, in a proceeding pursuant to section 358-a of the Social Services Law, for approval of an instrument executed by a mother requesting that her child be temporarily placed in foster care. Appellant, Irva XX, is married to one Marsha XX, and for several years the couple resided with their four children in the State of Vermont. While appellant continues to live in Vermont with two of the children and his paramour, Marsha left the marital abode in May of 1974 and ultimately came with the two remaining children, including Penny Lynn, to live with her mother in New York State. On October 30, 1975, Marsha voluntarily surrendered Penny Lynn to the Ulster County Commissioner of Social Services for temporary care and custody because she was allegedly unable to provide the child with adequate care, and on November 6, 1975 a petition was duly filed with the Ulster County Family Court, pursuant to subdivision 1 of section 358-a of the Social Services Law, for

judicial approval of the instrument of surrender. Following hearings at which all of the necessary parties were represented by counsel, the court determined that Penny Lynn's best interest and welfare would be promoted by her removal from her mother's residence and transfer to the custody of the commissioner for temporary foster care. Accordingly, the instrument of surrender was approved, and this appeal ensued. Initially, we find that the order herein is clearly appealable by appellant. Labeled an order of disposition and, at least in effect, denying appellant the custody of his child, this order unquestionably affects a substantial right of appellant and is consequently appealable as of right *(Matter of Maliades v Maliades,* 17 AD2d 994). As for the merits of the appeal, however, we find that the grant of the petition of the Commissioner of Social Services must be sustained. In so ruling, we would point out that, while technically Family Court may be correct in asserting that the custody of Penny Lynn is not at issue in this proceeding, nevertheless the net effect thereof is plainly the transfer of custody of the child to the Department of Social Services for foster care placement. For such a transfer of custody away from appellant to be proper, there must be established that extraordinary circumstances are present, such as appellant's surrender or abandonment of the child or his unfitness as a parent *(Matter of Bennett v Jeffreys,* 40 NY2d 543), and no such determination was made here. However, in the exercise of our power to review questions of both law and fact and to render the judgment which should have been rendered after the nonjury trial *(Matter of Nancy II v Larry II,* 50 AD2d 963), we have examined the record of this case and find that it conclusively establishes appellant's unfitness to care adequately for Penny Lynn. Despite his commendable interest in his daughter, appellant suffers from a serious alcohol problem, and neither he nor his paramour is sufficiently stable to provide the girl with a normal home environment. Moreover, Penny Lynn is severely retarded and has numerous medical problems demanding a high degree of care and attention, and appellant and his paramour have exhibited highly erratic behavior when medical problems have arisen in the past. Under such circumstances as these, custody of Penny Lynn has been properly transferred to the Department of Social Services. Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.