In the Matter of JOHN M.* ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant.

Third Department, December 6, 1979

---

* Name used herein is fictitious for purposes of publication.

### APPEARANCES OF COUNSEL

*Ethan K. Phillips (Terence J. Whalen* of counsel), for appellant.

*Sharon Lumb, Law Guardian.*

### OPINION OF THE COURT

GREENBLOTT, J. P.

The record reveals that the infant is an emotionally disturbed child in need of long-term specialized treatment. John has not received adequate physical and emotional care at the home of his legal guardian. On one occasion in 1974, she hit the boy, pushed him around, and used obscene language, requiring police intervention. Although she had repeatedly conceded that she could not care for John any longer and that he needed supervision, she then changed her mind. Her home has been in marital turmoil, and she obviously cannot cope with John's temper outbursts. The Family Court advised her that John would not necessarily be returned to her after 18 months, approved the transfer agreement, and appointed a Law Guardian to represent the child. The court directed that the department file reports within 90 days and that the child not be returned to the care of his guardian without the concurrence of the Law Guardian. This apparently occurred because there was a serious question as to whether she would be able to receive John after 18 months.

Section 358-a of the Social Services Law authorizes the court to approve a transfer agreement upon a determination that the placement of the child is in the child's best interests. Section 384-a (subd 2, par [a]) provides that the child is to be returned on the date specified in the agreement "unless * * * the parent or guardian is unavailable or incapacitated to receive the child". The Family Court must determine what is best for the child and has wide powers to insure that the child receives such care, protection and assistance as will best enhance its welfare (see Family Ct Act, §§ 141, 255). We, therefore, reject the department's contention that the sole authority of the Family Court under section 358-a is to either approve or disapprove the petition and the transfer agreement

(cf. *Matter of Ulster County Dept. of Social Servs. v Irva XX,* 57 AD2d 1009).

Moreover, it is implicit in the language of section 358-a that the Family Court may modify the terms of the transfer agreement because of its obligation to "approve" the instrument (Social Services Law, § 358-a, subd [3]). The court has this authority should the department request that the child be retained in foster care after the time stated for return in the agreement (see Social Services Law, § 384-a, subd 2), and there is no reason why the court should not have such authority at the initial stage of foster care when such an order would likely be most effective. Indeed, in light of the unusual circumstances of this case, such authority was essential. Toward this end, we conclude that the court may properly require the department to seek input from the Law Guardian at the time of the child's return to his parents or guardian.

It is clear that the court appointed the Law Guardian not to restrict the department's powers, but rather to protect the child's best interests during the period of its foster care (see Family Ct Act, § 241). The department is not conclusively bound by the Law Guardian's decision; rather, it may apply for redress to the Family Court. We also reject as wholly without merit the department's position that the Family Court has improperly delegated its powers to the Law Guardian. To the contrary, the department has been ordered to report to the court within 90 days, and no basis exists to conclude that the court has abdicated its powers in favor of the Law Guardian. Under the facts of this case, the appointment of the Law Guardian properly adds an additional protection for John's best interest and welfare.

The order should be affirmed, without costs.

MIKOLL, J. (dissenting). I respectfully dissent.

On December 5, 1978, the petitioner entered into a voluntary placement agreement with the custodian of the child which provided for the temporary transfer of the care and custody of her stepgrandson to petitioner for 18 months. Petitioner sought court approval of the transfer agreement on January 8, 1979. After a hearing, the court ordered that the agreement incorporate the directions of a summary decision which included the following condition: "In no event should the child be returned to the care of * * * [the custodian] without the concurrence of the Law Guardian."

Petitioner correctly contends that the Family Court exceeded its authority in conditioning the return of a dependent child in foster care, who has been surrendered pursuant to a voluntary placement agreement, on the concurrence of its Law Guardian. Subdivision (3) of section 358-a of the Social Services Law states as follows: "Disposition of petition. If the judge is satisfied that the parent, parents, or guardian executed such instrument knowingly and voluntarily and because he or they would be unable to make adequate provision for the care, maintenance and supervision of such child in his or their home, and that the requirements of section three hundred eighty-four-a, if applicable, have been satisfied, he may find and determine that the best interest and welfare of the child would be promoted by removal of the child from such home, and that it would be contrary to the welfare of such child for him to continue in such a home, and he shall thereupon grant the petition and approve such instrument and the transfer of the custody and guardianship or care and custody of such child to such social services official or the placement of the child with the division for youth in accordance therewith".

Subdivision (7) of section 358-a provides for the return of a dependent child in foster care as follows: "Return of child. If an instrument provides for the return of the care and custody of a child by the social services official * * * to the parent, parents or guardian upon any terms and conditions or at any time, the social services official * * * shall comply with such terms of such instrument without further court order. Every order approving an instrument providing for the transfer of the care and custody of a child to a social services official * * * shall be served upon the parent, parents or guardian who executed such instrument in such manner as the family court judge may provide in such order, together with a notice of the terms and conditions under which the care and custody of such a child may be returned to the parent, parents or guardian. If an instrument provides for the return of the care and custody of a child by social services official * * * to the parent, parents or guardian without fixing a definite date for such return, or if the social services official * * * shall fail to return a child to the care and custody of his parent, parents or guardian in accordance with the terms of the instrument, the parent, parents or guardian may seek such care and custody by petition for return of such child and order to show

cause in such proceeding or by writ of habeas corpus in the supreme court."

The Family Court has the continuing power to review and pass on the extension of foster care pursuant to section 392 of the Social Services Law. To condition the return of a child in foster care on the concurrence of a Law Guardian is in derogation of Family Court's final authority in the matter *(Matter of Kurtis v Ballou,* 33 AD2d 1034). The custody of an infant may not be controlled by the judgment of a Law Guardian no matter how ideally motivated he may be. The responsibility for determining what course aids a child's welfare is solely and independently the duty of the court in the exercise of its vast powers to deal with the custody of infant children. The court order also improvidently imposes restrictions on the social services district which were not incorporated in the statutory scheme of the Social Services Law by the Legislature. The social services district is the agency responsible for providing aid to dependent children. This includes providing all services which may be necessary for each child (see Social Services Law, § 344). Primary responsibility for providing care and supervision over a voluntary transfer is the responsibility of the petitioner. The order of the court violates this legislative grant of power to the petitioners. The order should be modified by deleting therefrom the fifth decretal paragraph.

HERLIHY, J. (dissenting). First, the proceeding should be put in proper perspective. It was the "Application * * * for Approval of an Instrument [voluntary placement agreement]" between the guardian of John and the Social Services Commissioner (commissioner). Significant to the present controversy is that part of the order which states: "I [the guardian] further understand that if the child remains in foster care for 18 months, a petition will be filed with the Family Court to review the circumstances of the child's placement and determine the plans for his future care."

Thus, the proceeding was ended for 18 months unless, of course, some extraordinary circumstances required a different time schedule. (Social Services Law, § 358-a, subd [7]; § 392.)

The Family Court, however, and this is the core of the present controversy, stated in its order, "in no event should the child be returned to the care of * * * [his guardian] without the concurrence of the Law Guardian", and a Law Guardian was appointed.

The commissioner objected, stating that this was a usurpation of his authority and an unnecessary and unwanted intrusion of his responsibility.

It should be noted that Law Guardians are appointed to protect the infant *in any proceeding.* Nowhere are they given continuing or concurrent jurisdiction with the commissioner and to permit such action might readily lead to a controversy between the Law Guardian and the commissioner which would not be in the best interests of the infant.

I cannot agree with the statement in the majority opinion that Law Guardians are appointed "to protect a child's bests interest during the period of its foster care", and section 241 of the Family Court Act relied upon does not so state. (Cf. Social Services Law, § 358-a, subd [6].) Of course, in any further proceeding a Law Guardian may be appointed and in fairness to the court, I think that was what was intended. In the colloquy just prior to the termination of the hearing the court stated, "I am going to appoint a Law Guardian to represent you in the future proceedings". If that is what the order stated, there would be no controversy.

The responsibility of the commissioner was stated very recently by Chief Judge Cooke in *Matter of Leon RR* (48 NY2d 117, 126): "[The commissioner] must at once serve as the guardian of the best interests of the child". The limited function of the Family Court is clearly specified in subdivisions (3) and (8) of section 358-a of the Social Services Law, dealing respectively with "Disposition of petition" and "Appealable orders".

It appears to me that the semantics controversy might well have been settled between the court and the commissioner without the expense of this time consuming appeal, but the time of decision being at hand, the order should be modified by deleting therefrom as much as provides that: "In no event should the child be returned to the care of * * * [his guardian] without the concurrence of the Law Guardian", and, as so modified, affirmed.

SWEENEY and KANE, JJ., concur with GREENBLOTT, J. P.; MIKOLL and HERLIHY, JJ., dissent and vote to modify in separate opinions.

Order affirmed, without costs.