■ In the Matter of BARBARA S. COMMISSIONER OF SOCIAL SERVICES OF CITY OF NEW YORK, Appellant. — Order, Family Court, New York County (Dembitz, J.), entered June 3, 1982, granting petition for approval of transfer of custody

of infant to the New York City Commissioner of Social Services pursuant to section 358-a of the Social Services Law on condition of the child being released to her grandparents as of July 1, 1982, is unanimously reversed, on the law and the facts and in the exercise of discretion, and the matter remanded for a new hearing, without costs. We labor in this case under the disadvantage that no party has argued in support of the Family Court Judge's action in directing that the child be released to her grandparents on July 1, 1982, less than a month after the date of the same order approving the instrument transferring custody to the Commissioner of Social Services. There is substantial doubt whether the Family Court had power to impose any such condition on the approval of the instrument transferring custody. (See *Matter of John M.*, 51 NY2d 999, revg on opn of Herlihy, J., 71 AD2d 144.) The case involves a petition for approval of an instrument by the grandparents of a 16-year-old girl transferring custody to the Commissioner of Social Services. Before living with the grandparents, the child lived with her father, since deceased, and her two older sisters (also teen-agers). The hearing was very brief and the child, whose strong preference was said to be for the transfer of custody, was not present. As the child was 16 years of age, her preference is entitled to some weight. The grandmother expressed the view that while the grandparents would be willing to have the child live with them, she did not think "it would work out too well"; she felt that the grandparents were "too old," and "girls are girls", and that returning the child to the grandparents would make her a "very sick and miserable child." The Family Court Judge felt that the preference in favor of a 16-year-old girl living with her family was so strong as to outweigh the expressed view of the grandmother and the reported view of the child. We are informed that the child may have changed her mind. On balance and on all the facts, we think that the interests of justice and the best interest of the child require a new and fuller hearing, at which the child will be present and can express her views directly, and the Judge can inquire more fully into the whole situation. Concur — Sandler, J. P., Sullivan, Carro, Silverman and Bloom, JJ.