■ In the Matter of GARY N. MITCHELL, Respondent, v JAN MITCHELL, Appellant. — Appeal from an order of the Family Court of Cortland County (Kepner, Jr., J.), entered June 14, 1982, which awarded custody of the parties' children to petitioner. The parties to this proceeding were married in 1971 and

separated in October, 1981. Thereafter, on March 19, 1982, petitioner father filed a petition in Family Court seeking custody of the parties' two minor children, Cameron and Shawn. On March 24, 1982, respondent mother filed a petition for custody in the same court. A temporary order of joint custody was made on March 25, 1982. On May 3, 1982, after reviewing lengthy reports prepared by the Cortland County Mental Health Clinic and Probation Department, and conducting a hearing, Family Court awarded custody to the father. This appeal ensued. Although paramount consideration in child custody cases is the ultimate best interest of the children, absent countervailing circumstances, priority should be accorded to the first custody awarded in litigation or by voluntary agreement (*Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Nehra v Uhlar,* 43 NY2d 242). Family Court correctly recited the above standard. However, a review of its decision reveals that the court misapplied the standard, as it labored under the mistaken belief that the parties had entered into a voluntary custody agreement prior to this proceeding. Accordingly, Family Court concluded that it would not disturb the placement of the children since respondent mother had failed to demonstrate that "there is any problem with the custody that now rests with the father". Contrary to the assumption made by Family Court, during the period of the parties' separation, the children were shuttled between the parties and, in fact, prior to the hearing, Family Court made a temporary award of *joint custody*. Under these circumstances there must be a reversal. While this court has the power to review questions of law and fact and may, in a proper case, render such decision as should have been rendered by Family Court, where, as here, the credibility and demeanor of witnesses is critical we should order a new hearing (*Matter of Nancy II v Larry II,* 50 AD2d 963). At the new hearing, testimony should be adduced as to any change in circumstances since the time of the original hearing in order that Family Court may be in a position to ascertain the best interests of the children (*id.*). Order reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Cortland County for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.