■ In the Matter of EDWARD MERCHANT, Respondent, v IDA MERCHANT, Appellant. — In a custody proceeding pursuant to subdivision (b) of section 651 of the Family Court Act, Ida Merchant appeals from an order of the Family Court, Suffolk County (Snellenburg, J.), entered July 31, 1981, which, *inter alia,* awarded custody of the three infant children of the parties to the petitioner father, and directed that he and the three children be subject to monthly supervision by the Child Protective Service for a period of one year from the date of said order. Order modified by extending for two years the period during which the petitioner father and the three children will be subject to monthly supervision by the Child Protective Service. As so modified, order affirmed, without costs or disbursements. The extended period of supervision shall commence 30 days after entry of the order to be made hereon. As between the two parties in the instant action, the best interests of the children lie in continued custody with their father, the petitioner (see *Matter of Nehra v Uhlar,* 43 NY2d 242, 248; Domestic Relations Law, §§ 70, 240). We are compelled upon the record before us, however, to voice our deep and pressing concern with the welfare of these three children. While we recognize that the law does not sanction our replacing the natural parents because someone else could do a better job of parenting (see, e.g., *Matter of Ricky Ralph M.,* 56 NY2d 77, 83; *Matter of Sanjivini K.,* 47 NY2d 374, 382; *Matter of Bennett v Jeffreys,* 40 NY2d 543, 548), we also may not relinquish our role as *parens patriae* should the circumstances of the case so require. Both parties in the instant matter have given us cause to question their ability as parents. For this reason we believe that continued supervision by the Child Protective Service is necessary to ensure the continued well-being of the children. We would also strongly urge the petitioner father, if he has not already done so, to obtain family therapy for himself and the children. We further note that "wherever possible, the best interests of a child lie in his being nurtured and guided by both of his natural parents" (*Daghir v Daghir,* 82 AD2d 191, 193, affd 56 NY2d 938). In this regard the courts have held any interference by the custodial parent with the noncustodial parent's right to visitation with the marital issue to be "an act so inconsistent with the best interests of a child as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent" (*Entwistle v Entwistle,* 61 AD2d 380, 384-385). There is some indication in the record that the petitioner father is seeking to prevent visitation between the children and their mother, the appellant, as well as between the children and their maternal grandmother. We hereby caution the petitioner father to refrain from any further interference with the appellant mother's or the maternal grandmother's right of access to the children. Damiani, J. P., Lazer, Thompson and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW CSERE-NYI and WOLODYMYRA CSERENYI, Also Known as GLADYS CSERENYI, Appellants. — Two judgments of the County Court, Westchester County (Nastasi, J.), one rendered June 25, 1982 as to defendant Andrew Cserenyi and the other rendered July 21, 1982 as to defendant Wolodymyra Cserenyi, affirmed. No opinion. These cases are remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Gibbons, J. P., Thompson, Brown and Niehoff, JJ., concur.