■ BONNIE FREIMAN, Respondent-Appellant, v HERBERT S. FREIMAN, Appellant-Respondent. — In a matrimonial action, defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (McCaffrey, J.), entered September 1, 1983, as dismissed his second amended counterclaim for divorce on the ground of abandonment, awarded custody of the infant children to the plaintiff wife, and awarded plaintiff attorney's fees in the sum of $25,000, and plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as limited alimony to the sum of $300 per week, child support to the sum of $225 per week and attorney's fees to the sum of $25,000 and granted her exclusive possession of the marital residence only until her death or remarriage or upon emancipation of the infant issue of the marriage, whichever occurs first. Judgment modified, on the law and the facts, by deleting the second, third and fifth decretal paragraphs and so much of the fourth decretal paragraph as awarded custody of the infant children to the plaintiff and fixed child support in the sum of $225 per week, and substituting therefor provisions awarding custody to the defendant. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the fixation of liberal visitation provisions and a new determination with respect to the disposition of the marital residence. Following the commencement of this matrimonial action, plaintiff was awarded temporary custody of the children. On January 16, 1983, however, plaintiff's male friend assaulted one of the children in the plaintiff's house, and, in a subsequent habeas corpus proceeding, Justice Wager transferred custody to defendant finding, *inter alia,* that plaintiff acted "inappropriately" under the circumstances. Nonetheless, Special Term, after trial in the instant action, in a conclusory memorandum, awarded custody of the two infant children to plaintiff. By order of this court dated September 7, 1983, that provision of the judgment was stayed pending the determination of this appeal. Although we are well aware of the holdings requiring that the determinations of nisi prius courts in custody proceedings are entitled to the greatest respect (e.g., *Eschbach v Eschbach,* 56 NY2d 167, 173), we "would be seriously remiss if, simply in deference to the finding of a Trial Judge, [we] allowed a custody determination to stand where it lacks a sound and substantial basis in the record and, indeed, is contrary to the weight of the credible evidence" (*Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76). We find this to be the case here. A review of the record indicates that the determination reached by Justice Wager should have been accorded deference in the interests of stability (cf. *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94-95; *Corradino v Corradino,* 48 NY2d 894; *Matter of Nehra v Uhlar,* 43 NY2d 242; *Matter of Ebert v Ebert,* 38 NY2d 700; *Obey v Degling,* 37 NY2d 768; *Dintruff v McGreevy,* 34 NY2d 887; *Matter of Mitchell v Mitchell,* 95 AD2d 875). Plaintiff suffers from a severe emotional disability for which she is receiving treatment, frequently loses control of herself, and engages in the type of life-style which is incompatible with the rearing of children (see *Matter of Ray A. M.,* 37 NY2d 619, 624; *Bunim v Bunim,* 298 NY 391, 394; *Matter of Harrison v Harrison,* 54 AD2d 906; *People ex rel. Bishop v Bishop,* 34 AD2d 834; 2 Foster-Freed, Law and the Family, § 29:8). On the other hand, we find nothing in the record which gives pause on the question of

defendant's fitness and capability to act as custodial parent. We are also concerned with the fact that plaintiff's paramour actively interfered in the children's upbringing (see *Matter of Carpenter v Carpenter,* 96 AD2d 607). Moreover, although the expressed desires of the children are not controlling, they are some indication of what is in the children's best interests (*Eschbach v Eschbach,* 56 NY2d 167, 173, *supra*), particularly when, as here, they are advanced in age and have indicated a strong preference for one of their parents (*Hughes v Hughes,* 37 AD2d 606, 607; 2 Foster-Freed, Law and the Family, § 29:12). Special Term erred in ignoring them (*Hughes v Hughes, supra*). In addition, the expert psychological testimony adduced by plaintiff is entitled to little weight as the psychologist had not been informed of the January, 1983 change in custody or the incident which led to it, or, for that matter, most of the other relevant background. In sum, consideration of all relevant factors compels us to conclude that the best interests of the children require that the award of custody to their father be continued (*Eschbach v Eschbach, supra; Matter of Merchant v Merchant,* 96 AD2d 538). We have carefully considered each of the remaining arguments raised by the parties and find that they are without merit and do not warrant discussion. Titone, J. P., Bracken, Brown and Boyers, JJ., concur.