DIANE FRUEHWIRTH, Appellant, v FRANK FRUEHWIRTH, Respondent.

While the determination of the nisi prius court in a custody proceeding is entitled to great respect (*e.g., Freiman v Freiman,* 99 AD2d 765; *Eschbach v Eschbach,* 56 NY2d 167), an appellate court must be able, upon a review of the entire record, to ascertain that the custody determination has a "sound and substantial basis in the record" (*Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76; *Freiman v Freiman, supra*). The record before us is inadequate to enable us to make a determination as to what disposition is in the best interests of the children.

The record seems to indicate that the Family Court based its decision primarily upon interference by the mother with the father's right of visitation. However, the record does not contain sufficient evidence to permit us to determine whether the

mother intentionally interfered with the visitation or whether the interference resulted from factors for which she is not responsible.

Moreover, the psychological testimony adduced at the hearing was inadequate to form the basis for a conclusion as to which parent is most fit and capable of acting as the custodial parent.

Accordingly, the matter is remitted to the Family Court, Queens County, for a new hearing and determination on custody and visitation. The hearing shall be held with all convenient speed, after a psychological evaluation of all parties, including both children, by a court-appointed psychologist. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.