■ Kenneth Jacobs, Respondent-Appellant, v Barbara Ja-

COBS, Appellant-Respondent.—In a matrimonial action, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Vitale, J.), entered April 25, 1984, as (1) limited her distributive share of the marital property to a $10,000 cash award plus two items of personal property, (2) failed to grant her a money judgment for arrears of pendente lite support and maintenance, and (3) failed to grant her a money judgment for medical bills paid by her which should have been reimbursed by the plaintiff husband's medical insurance carrier; and the plaintiff husband cross-appeals, as limited by his brief, from so much of the same judgment as granted custody of the parties' two children to the defendant.

Judgment modified, by (1) deleting the words "marital property" from the seventh decretal paragraph thereof and substituting therefor the words "marital residence" and (2) deleting the eighth decretal paragraph. As so modified, judgment affirmed insofar as appealed from, with costs to the defendant, and matter remitted to the Supreme Court, Nassau County, for further proceedings with respect to the distribution of the remaining marital property.

Turning first to the custody issue, we agree with Special Term that the interests and welfare of the parties' two children will best be served by entrusting their custody to the mother. Special Term, after carefully reviewing the testimony adduced by both parties, concluded, in part, that the father, by virtue of his work schedule, "would be hard put * * * to exercise supervision of these children". At trial, the father was confronted with the fact that the demands of his employment precluded him from caring for the children during the day. In response, he explained that he had solicited the aid of his mother, who had agreed to leave her own job, and that he had devised a plan whereby she would care for the children while he was at work. This arrangement would require his mother to travel from her home in New Hyde Park to Massapequa Park, each and every workday. Expert testimony, elicited from Dr. Allan I. Stempler, of the Division of Forensic Services, indicated, however, that the plaintiff's mother was not considered to be an ideal person to care for the children on a daily basis. In stark contrast to the arrangements provided by the father, the mother's work schedule allows her to frequently spend prolonged periods of time with her children.

The ability to provide for the emotional and intellectual growth of one's children, which, as our dissenting colleague aptly recognizes, is of paramount important (see, Eschbach v

*Eschbach,* 56 NY2d 167, 172), cannot be measured solely on a qualitative basis. Consideration must also be given to the availability of a parent to tend to the children's needs and to participate in their development. Custody options which allow for the direct care and guidance of children by a parent rather than by third parties are naturally preferred. In the instant case, the mother has indicated both a willingness as well as an ability to provide for the needs of her children. Under the circumstances of this case, the stability and continuity which the other is able to provide, because of her accessibility, militates against disrupting the children's lives by transferring custody to the father. While we acknowledge, as did Special Term, that the father's suitability and fitness as a parent is in no way disparaged by the record, and that the psychological evidence proferred by the litigants does raise a sharp dispute as to which parent should be awarded custody, we are, nevertheless, unable to conclude that Special Term, which had an opportunity to observe the demeanor of the witnesses, rendered a decision contrary to the weight of the evidence.

With respect to the other issues raised on appeal, the trial evidence on the question of equitable distribution of the parties' marital property focused primarily on the marital residence. While we find that the distributive award of $10,-000 in favor of the defendant is adequate to compensate her for her interest in the marital home *(see, Alwell v Alwell,* 98 AD2d 549), the record reveals that there is a considerable amount of personal and other marital property which Special Term did not address in its judgment, possibly as a result of the·inadequacy of the record before it. Consequently, a further hearing is required so that all of the marital property may be distributed equitably *(see, e.g., Bistany v Bistany,* 66 AD2d 1026).

We have examined the parties' remaining contentions and find them to be without merit. Brown, Weinstein and Eiber, JJ., concur.

Thompson, J. P., concurs in the modification of the judgment upon the appeal by the wife, but dissents and votes to reverse the judgment insofar as appealed from by the husband and to award custody of the children of the parties to him, with the following memorandum: I respectfully dissent from that portion of the majority's decision which would deny a transfer of custody·of the parties' two children to the father. The judgment appealed from should be reversed insofar as it awarded custody to the mother. Upon consideration of all the

relevant facts presented at the trial, I believe the best interests of the two children would be served by a change of custody from the mother to the father.

While Special Term's determination on the issue of custody is entitled to great weight *(e.g., Eschbach v Eschbach,* 56 NY2d 167, 173; *Ira K. v Frances K.,* 115 AD2d 699), an appellate court is not constrained to affirm its decision where it is contrary to the weight of the credible evidence *(e.g., Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946; *Freiman v Freiman,* 99 AD2d 765, *appeal dismissed sub nom. Bonnie F. v Herbert S.,* 62 NY2d 942; *cf. Fruehwirth v Fruehwirth,* 110 AD2d 678). Paramount among the circumstances to be considered in determining the best interests of the children is "the ability to provide for the [children's] emotional and intellectual development, the quality of the home environment and the parental guidance provided" *(Matter of Louise E. S. v W. Stephen S., supra,* p 947; *Eschbach v Eschbach, supra,* p 172). In my view, the weighing of these various factors upon a careful and studied review of the record clearly indicates that an award of custody of the parties' children to the father more nearly conforms to the weight of the evidence.

The evidence adduced at trial consistently indicated that the current custodial arrangement is likely to be detrimental to the welfare of the children because of the overly protective involvement of defendant's mother with whom the defendant and the parties' children reside. Indeed, even the defendant's own expert testified that the defendant was emotionally dependent upon her mother and deferred to her with respect to decisions related to the care and rearing of the children. Furthermore, the record reveals that the domineering influence of the maternal grandmother led to the parties' marital problems as well as to significant interference with the plaintiff's ability to visit the children and participate in their upbringing.

Consistent with this evidence was the testimony of Dr. Allan I. Stempler who participated in the preparation of a court-ordered forensics report. Dr. Stempler testified that the forensic team concluded that the interaction between the defendant, her mother and the children was "creating a situation that would in the long run cause personality and emotional difficulties to be extensive in these children". Furthermore, the actions of the defendant and her mother to frustrate the exercise of the plaintiff's visitation rights provides strong evidence that custody is better placed with the plaintiff *(see, e.g., Daghir v Daghir,* 82 AD2d 191, *affd* 56

NY2d 938; *Entwistle v Entwistle,* 61 AD2d 380, *appeal dismissed* 44 NY2d 851).

The totality of circumstances requires that the plaintiff be awarded custody of the children and, therefore, I cast my vote to reverse so much of Special Term's judgment as awarded custody to the mother.