■ In the Matter of MICHAEL HARVEY, Respondent, v JANET SHARE, Appellant. (And Another Proceeding.)—In two consolidated proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (De Maro, J.), dated October 11, 1985, as amended October 25, 1985, which, *inter alia,* awarded custody of the parties' two children to the father.

Order, as amended, reversed, on the law and the facts, with costs, custody of the children is awarded to the appellant

mother and the proceeding is remitted to the Family Court, Nassau County, to determine the visitation to be awarded to the petitioner, in accordance herewith. In the interim, the petitioner is awarded visitation as it was established under an order of the Family Court, Nassau County, dated May 10, 1985, which temporarily fixed custody and visitation.

Although custody determinations are ordinarily a matter of discretion for the trial court, this court cannot allow a custody determination to stand where it lacks a sound and substantial basis in the record and is contrary to the weight of the credible evidence (see, Freiman v Freiman, 99 AD2d 765; Matter of Gloria S. v Richard B., 80 AD2d 72, 76). The Family Court's finding that a change of custody to the petitioner was in the best interests of the children (see, Eschbach v Eschbach, 56 NY2d 167; Friederwitzer v Friederwitzer, 55 NY2d 89), is not supported by the record. The Forensic Services Section of the Nassau County Department of Mental Health, the Nassau County Probation Department and the children's court-appointed Law Guardian all recommended that custody of the children remain with their natural mother and nothing in the parties' testimony at the Family Court hearing speaks for a different conclusion. The Family Court failed to state, in its decision, any reason for disregarding the collective recommendations of these disinterested persons. Additionally, the Family Court apparently failed to consider the parties' prior voluntary agreement which, except for a disputed period of some three to seven months, gave physical custody of the children to the respondent (see, Friederwitzer v Friederwitzer, supra; Alan G. v Joan G., 104 AD2d 147, 153, appeal dismissed 64 NY2d 1040).

Joint custody of the children is not advisable in this situation since the parties have not demonstrated that they have a stable, amicable relationship (see, Braiman v Braiman, 44 NY2d 584, 590-591; Matter of Bishop v Lansley, 106 AD2d 732). However, a liberal visitation schedule is desirable and this matter is remitted to the Family Court for an award of visitation on alternate weekends, plus whatever additional days or evenings, holidays and vacation periods are convenient for the parties. In the interim, the petitioner is to have visitation as it was established under the Family Court's temporary custody and visitation order, dated May 10, 1985. Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.