■ Eric Skolnick, Respondent, v Lisa Skolnick, Appellant. —In a matrimonial action in which the parties were divorced by a judgment dated July 17, 1984, the defendant mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Zelman, J.), dated January 21, 1988, as, after a hearing, granted so much of the plaintiff father's motion as sought (1) a change in custody of his four infant issue to him, and (2) counsel fees and disbursements in the sum of $26,775.

Ordered that the order is reversed insofar as appealed from, on the law and on the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further and complete psychiatric evaluations of the parties, their respective spouses, and the children, and for a hearing de novo in accordance herewith before a different Justice, which hearing shall be held with all convenient speed; and it is further,

Ordered that pending the determination of the motion after the hearing, the terms of the parties' stipulation dated June 26, 1986, shall control.

Since the determination as to whether an award of custody should be modified depends to a very great extent upon assessments of credibility of the witnesses and upon assessments of the character and temperament of the parents, the finding of the hearing court must be accorded great respect *(Eschbach v Eschbach,* 56 NY2d 167; *Ira K. v Frances K.,* 115 AD2d 699). However "[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lacks a sound and substantial basis in the record" *(Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76). Such is the case here. Although the record contains evidence of the deep resentment and hostility the mother harbors toward the father, and evidence of the fact that, on numerous occasions, some or all

of the children have refused to go with the father for visitation, there is insufficient evidence to support the conclusion that this denial of visitation is wholly attributable to the intentional acts of the mother *(see, Fruehwirth v Fruehwirth,* 110 AD2d 678). It appears that the father has contributed to the problems surrounding visitation as well. The record also does not contain evidence as to the effect a change of custody would have on the children, the youngest of whom are twins who were only 5 years old at the time the order appealed from was issued and had lived away from their father since they were approximately 10 months old.

These insufficiencies in the record stem from the fact that the court-ordered psychiatric evaluation was, in the words of the psychiatrist who performed the evaluation, "far from complete". Thus, we remit this matter for further and complete psychiatric evaluations of the parties, their respective spouses, and the children, and for a new hearing on the issue of custody. At that hearing the issue of paramount concern shall be the ultimate best interest of the children *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Nehra v Uhlar,* 43 NY2d 242), which standard does not appear to have been the determining factor in the prior decision of the hearing court. We take this opportunity to remind the mother that "interference with the relationship between a child and a noncustodial parent by the custodial parent has been said to be an act so inconsistent with the best interests of the child as to per se raise a strong probability that the offending party is unfit to act as a custodial parent *(Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938)" *(Leistner v Leistner,* 137 AD2d 499, 500).

Upon remittitur a new determination as to the issue of the plaintiff's counsel fees should be made as well.

We have considered the mother's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.