◼ In the Matter of STEPHEN MORGAN, Appellant, v GLORIA MORGAN, Respondent.—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from so much of an order of the Family Court, Queens County (De Phillips, J.), dated November 4, 1987, as granted custody to the mother.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties to this proceeding were married in 1981. There is one child of the marriage, Jessica, born on September 4, 1984. At the time of the custody hearing on August 25, 1987, Jessica was not yet three years old but had already experienced frequent changes of residence and de facto custody. The father had left the marital residence in March 1987 so that at the time of the hearing the mother had exercised de facto custody over Jessica for approximately six months.

At the hearing, testimony was adduced, *inter alia,* from both parties and a psychologist who had interviewed them. It was the psychologist's opinion that the father was more strongly bonded with the child and that the mother's capacity

for concrete thinking might become impaired in stressful situations. However, neither party was found to be unfit for custody. The psychologist's recommendation was that custody should be transferred to the father for a period of three months, with a subsequent reevaluation. Additional testimony established that the father worked long hours and that the mother, who is not employed, would be at home and more available for the child.

We conclude that the Family Court's decision should not be disturbed. The record shows that the court considered every factor relevant to each party's suitability as the custodial parent. The court clearly indicated that it was awarding custody to the mother based primarily upon the child's need for stability, which would best be met by continuing the current custodial situation under the circumstances. It was not an improvident exercise of discretion for the Family Court to depart from the recommendation of the expert witness, especially as that recommendation was qualified by the expert, who requested that the matter be reviewed in three months *(cf., Matter of Harvey v Share, 119 AD2d 823)*. Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.