OPINION OF THE COURT
Angelo D. Lomanto, J.
This matter comes before me on defendant’s omnibus motion, which includes a motion to dismiss the indictment because the evidence presented before the Grand Jury was not *34 legally sufficient to establish the commission of the offenses charged. Because I find the defendant’s position with regard to dismissing the indictment to be correct I will not reach the other branches of defendant’s omnibus motion.
FINDINGS OF FACT
The defendant and his wife Heather were married on November 1, 1985. They are the parents of two children, Ian born November 7, 1985 and Kelly born September 27, 1987. At the time of the incidents in question they were domiciled at 9 Orchard Street in the City of Gloversville. For reasons that are not relevant to this proceeding Heather McDonald left the marital residence with the two children of the parties on September 17, 1988. After September 17 Heather and the two children lived with her parents at 12 Wells Street in the City of Johnstown. Two days later she filed a petition in Fulton County Family Court seeking custody of the children.
The order to show cause in the Family Court proceeding was evidently served on the defendant on September 24, 1988 and the matter was returnable on September 30, 1988. That order to show cause did not contain a provision granting Heather McDonald custody pendente lite. On September 27, 1988 the defendant, under the pretense of visiting with the children, took them from their mother and took them to Buena Park, California, where his parents reside. On September 30 the Family Court granted Heather McDonald custody of the two McDonald children on the defendant’s default.
It further appears that a felony complaint was filed against the defendant in the City of Johnstown and that the defendant was apprehended in Buena Park, California, on October 14, 1988. Defendant waived extradition and was returned to this State on November 1, 1988. The children were returned to their mother.
Defendant was indicted for custodial interference in the first degree and makes this motion to dismiss the indictment.
CONCLUSIONS OF LAW
Custodial interference in the second degree is a necessary subpart of custodial interference in the first degree. (Penal Law § 135.50 [1].) Custodial interference in the second degree occurs when a person "[bjeing a relative of a child less than sixteen years old, intending to hold such child permanently or for a protracted period, and knowing that he has no legal *35 right to do so * * * takes or entices such child from his lawful custodian” (Penal Law § 135.45 [1]).
I begin my analysis of this statute by defining the actus reus, which is a taking or asportation. This is an act unitary in time, and cannot be the subject of a continuing offense. (See, People v Keindl, 68 NY2d 410 [1986].)
Did the defendant have the legal right to remove the children at the time of the taking? Clearly he did not contravene any court order at the time of the taking. It is worth noting that the order to show cause from the Family Court Judge did not contain an order granting the mother of the children temporary custody or prohibiting either party from removing the children from the jurisdiction of the court, until the first return date of the matter.
Therefore the issue around which this case revolves may be framed thus: Where there is no court order to the contrary may a parent remove the children from the residence of the other parent to some distant location? I find no other criminal case in this State where this issue has been resolved. Both the People and the defendant cite Klien v Klien (141 Misc 2d 174 [1988]) on this issue. That was a divorce case where the defendant father unilaterally removed the children from the mother’s home in Brooklyn and took them to Israel. The court found that while each parent had the right to custody of the children at the time of the removal, the act of removal indicated that the father was not best suited to be the custodial parent. The court discussed a series of custody cases in the Second Department where the rule has evolved that " ' "interference with the relationship between a child and a noncustodial parent by the custodial parent has been said to be an act so inconsistent with the best interests of the child as to per se raise a strong probability that the offending party is unfit to act as a custodial parent” ’ ” (141 Misc 2d, supra, at 180, quoting Skolnick v Skolnick, 142 AD2d 570).
Despite the near conjunction of the words "custodial” and "interference” in these cases they are clearly not being used in the sense of a violation of Penal Law § 135.50. Accordingly, I find that Klien v Klien (supra) and its predecessor cases shed little light on the issue before me.
Instead the issue should be examined in the light of two criterea not addressed in the above-cited divorce cases: (1) Would the meaning of the statute proposed by the People result in a significant expansion in activity defined as crimi *36 nal, so that activity heretofore regarded as other than criminal would by my decision become criminal activity? and (2) Does the complainant have an adequate civil remedy and is her use of the criminal justice system in this instance inappropriate? (People v Tegins, 90 Misc 2d 498 [1977].)
I find that to determine that the taking by a parent of a child or children from the home of another parent prior to the entry of any order on the issue of custody or visitation falls within the meaning of Penal Law § 135.45 would result in criminalizing a set of activities that is not currently regarded as criminal. For example the definition proposed by the People would mean that whenever a parent removed himself or herself from the marital residence, for whatever reason, and took the child or children along without the other parent’s permission that activity would be custodial interference. I take cognizance of the fact that a large number of divorce cases and custody disputes start with this physical act. It may well be that to require one party or the other to obtain a court order before this step is taken would be in the best interests of all concerned.
I am unable to find a reported case of a criminal prosecution for custodial interference where there is no previously existing order of custody, temporary or permanent. It is not the place of this court to extend criminal sanctions into this difficult territory. To declare a set of behaviors previously regarded as legal to be criminal is the exclusive function of the legislative process. (Lawton v Steele, 119 NY 226.)
Finally it should be noted that in proceedings to determine custody the courts of this State take cognizance of the harmful effects on the welfare of children that result from acts like those alleged to have been committed by the defendant herein. Because of this I find that an adequate civil remedy exists for the mother of the children in this case and that use of the criminal justice system is inappropriate.
Accordingly the indictment herein is dismissed.