■ In the Matter of ANN PALERMO, Respondent, v ANTHONY PALERMO, Appellant. [762 NYS2d 286] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Cohen-Gallet, R.), dated July 19, 2002, which, inter alia, granted the mother's petition for custody of the parties' two children and, in effect, denied his cross petition for custody.

Ordered that the order is reversed, on the law, with one bill of costs, and the matter is remitted to the Family Court, Richmond County, for a new hearing on the petition and cross petition for custody, in accordance herewith, to be held with all due convenient speed; and it is further,

Ordered that pending the new determination on the petition and cross petition, the mother shall have temporary sole custody of the children and the father shall have visitation as prescribed in the order appealed from without prejudice to any application he may choose to make to the Family Court, Richmond County, for a change in this visitation schedule.

The Referee erred in refusing to admit into evidence a probation department report ordered by the Family Court; in ignoring, without any explanation, the recommendation of the Law Guardian that sole custody be granted to the father; in rejecting the like recommendation of the children's psychotherapist merely because this expert had not met with the mother; and in failing to agree to the request of the probation officer to visit the Boston home of the mother and her boyfriend and to interview the boyfriend (see Matter of LeBlanc v Morrison, 288 AD2d 768, 770 n [2001]; Young v Young, 212 AD2d 114, 118 [1995]; Matter of Vernon Mc. v Brenda N., 196 AD2d 823, 826 [1993]; Matter of Lobo v Muttee, 196 AD2d 585, 589 [1993]; Matter of Harvey v Share, 119 AD2d 823, 824 [1986]).

In view of the foregoing, we do not reach the father's remaining contentions. Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.