■ FRANK CERVERA, Appellant, v ROSSANNA BRESSLER, Respondent. [881 NYS2d 334]—In a matrimonial action in which the parties were divorced by judgment dated February 21, 2001, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lubell, J.), entered March 18, 2008, which granted the defendant's motion to hold him in contempt of two previous orders directing him to pay one half of the forensic evaluator's fees.

In a matrimonial action in which the parties were divorced by judgment dated February 21, 2001, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lubell, J.), entered December 2, 2008, which, inter alia, denied those branches of his motion which were for an immediate transfer of physical custody of the subject child from the defendant to him, restoration of unsupervised visitation, and suspension of child support payments.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying those branches of the plaintiff's motion which were for an immediate transfer of physical custody of the subject child from the defendant to him, restoration of unsupervised visitation, and suspension of child support payments; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing with respect to the issues raised by these branches of the plaintiff's motion and the defendant's motion dated January 28, 2005, inter alia, to suspend visitation; and it is further,

Ordered that the hearing shall commence within 14 days of the date on which a copy of this order is received by the Supreme Court, and shall continue day-to-day until completion.

The parties were divorced in 2001. Pursuant to a stipulation entered into in September 2003, they have joint legal custody, and the defendant has primary physical custody, of their daughter, who is now 12 years of age. By motion dated January 28, 2005, the defendant moved to suspend the plaintiff's visitation or, in the alternative, for supervised visitation, and the plaintiff cross-moved for physical custody of the child. In February 2005 the Supreme Court ordered a forensic evaluation, directing that the cost of the evaluation be shared equally by the parties, without prejudice to subsequent reapportionment. In July 2005 the attorney for the child moved for supervised visitation and for a requirement that all telephone contact between the plaintiff and the child be supervised by the defendant. The plaintiff cross-moved to disqualify the attorney for the child. The Supreme Court, ex parte, granted such restrictions, pending the return of the motion. The Supreme Court granted the motion of the attorney for the child to the extent of referring the matter to a court attorney referee for a hearing and denied the cross motion. The temporary restrictions that the Supreme Court imposed remained in effect pending the hearing. The hearing never took place. The allegations with respect to the plaintiff's conduct upon which the attorney for the child based his application, in part, were determined by the office of Child Protective Services to be unfounded.

In May 2007 the plaintiff moved, among other things, to reinstate unsupervised visitation and unmonitored telephone contact and for an immediate hearing with respect to the custody and visitation issues. By order entered September 18, 2007, the Supreme Court, inter alia, referred the custody and visitation issues to trial, which was scheduled to commence on January 2, 2008. The trial never took place. The plaintiff ap-

pealed from the order entered September 18, 2007, and by decision and order dated April 15, 2008, this Court modified that order, inter alia, by granting the plaintiff's request to remove the attorney for the child and reinstate unsupervised visitation and unmonitored telephone contact between the plaintiff and his daughter (*see Cervera v Bressler,* 50 AD3d 837 [2008]). We remitted the matter to the Supreme Court for further proceedings consistent with our order, "including, inter alia, *an immediate hearing* on the issues of telephone contact and visitation, without an updated forensic report, the appointment of a new attorney for the child, and the setting of such conditions of unmonitored telephone contact and unsupervised visitation as the Supreme Court in its discretion may direct" (*Cervera v Bressler,* 50 AD3d at 838 [emphasis supplied]). Upon remittitur, the Supreme Court held a conference, at which it was agreed that therapeutic supervision of visitation would be appropriate to re-introduce the plaintiff to his daughter.

In August 2008 the plaintiff again moved for, among other relief, an immediate change in custody or, at least, an immediate hearing, removal of the supervision of visitation requirement and monitoring of telephone contacts requirement or, at least, a gradual movement toward the removal of those requirement, and suspension of his child support payments based upon the defendant's alleged interference with visitation. In December 2008, after an in camera interview with the child, the Supreme Court, inter alia, denied the aforementioned branches of the plaintiff's motion. Although the Supreme Court recognized that our order had directed "an immediate hearing on the issues of telephone contact and visitation, without an updated forensic report" (*Cervera v Bressler,* 50 AD3d at 838), it concluded that such a hearing was no longer necessary in light of the in camera interview. The Supreme Court declined to order any unsupervised or unmonitored contact between the plaintiff and his daughter and, instead, noted that it "will permit unsupervised telephonic communication between the plaintiff and the child as may be initiated by the child with the consent and guidance of her attorney and therapist, if any," directing the defendant "to encourage and cooperate towards that end." The plaintiff appeals, inter alia, from so much of that order as denied that branch of his motion which was for an immediate transfer of physical custody of the subject child from the defendant to him, restoration of unsupervised visitation, and suspension of child support payments.

As this recitation of the procedural history of this matter reflects, the plaintiff has been seeking physical custody of his

daughter for more than four years. During that time he has been effectively deprived of contact with his daughter for lengthy periods of time on the basis of allegations that he contests and with respect to which he has never been afforded a hearing, despite our express direction that such a hearing be held immediately upon the entry of our order. Where there are contested allegations regarding the relevant circumstances, custody determinations require a hearing (*see Matter of Ling Da Chen v Yue Hua Zhou,* 39 AD3d 753 [2007]; *Matter of Khan v Dolly,* 6 AD3d 437, 439 [2004]; *Matter of Hudgins v Goodley,* 301 AD2d 524 [2003]). Although the wishes of the child are entitled to consideration (*see Eschbach v Eschbach,* 56 NY2d 167, 173 [1982]; *Koppenhoefer v Koppenhoefer,* 159 AD2d 113, 117 [1990]; *Matter of Schouten v Schouten,* 155 AD2d 461, 463 [1989]; *Freiman v Freiman,* 99 AD2d 765, 766 [1984]; *Hughes v Hughes,* 37 AD2d 606, 606-607 [1971]), an in camera interview is not, by itself, a substitute for a hearing. That hearing must take place without delay. Spolzino, J.P., Skelos, Dillon and Covello, JJ., concur.