OPINION OF THE COURT
Howard Miller, J.
This motion by plaintiff seeks to suppress certain tape recordings of telephone conversations between the moving party, the mother of the children concerned in this proceeding, and the children. The mother claims that she gave no consent to the recordings (Penal Law, § 250.05) nor was the party recording, the father of the children, a participant in the conversations being recorded. The moving party further contends that the children concerned, five years of age and seven years of age respectively, are incapable of giving their *34 consent. The within motion was brought in the Supreme Court, Rockland County, and referred by that court to the Family Court.
If this case involved an issue other than the custody of a child the court may well have considered suppression of the tapes. However, under the circumstances of this case where custody is a paramount issue, the court should consider the best interests of the children and, therefore, would want all of the the information available to better assist the court in making a determination.
The defense of a privileged communication, here consent for recording telephone conversations, must yield in the determination of the best interests of the child (Matter of Do Vidio v Do Vidio, 56 Misc 2d 79) and where the custody of a child is at issue the strict rules of evidence need not be followed (Johnson v Johnson, 25 AD2d 672). It was further held that the doctrine of privileged communication is automatically waived where custody is contested (Baecher v Baecher, 58 AD2d 821).
The concept of waiver of privilege has been given sanction by the Legislature of the State of New York in the consideration of neglect cases where the well-being of the child is concerned (Family Ct Act, § 1046, subd [a]; par [vii]) with respect to husband-wife, physician-patient and social worker-client privilege.
A waiver of privilege is parallel to the issue before the court concerning unauthorized taping of telephone conversations. The court does not condone the acts of the defendant by his intrusion into the conversations between the mother and the child by illegally taping these conversations. In the determination of the prime issue herein, that of the custody of the children, those acts along with the evidence induced at the trial must be considered by the court.
It serves no purpose to protract the discussion as to the consent or lack thereof of the children, ages five and seven years respectively. By reason of their tender years, they are non sui juris with respect to the understanding of the concepts involved. The illegal interception of the telephone conversations is an illegal act. In the discussion of abduction of children or flight from the jurisdiction to avoid adverse court orders, the Court of Appeals in the case of Matter of Bennett v Jeffreys (40 NY2d 543, 550) said: "Yet, even then, circumstances may require that, in the best interest of the child, the unlawful acts be blinked”.
*35 Accordingly, this motion to suppress the tapes herein is denied.