■ In the Matter of GLORIA BERK, Appellant, v HARVEY BERK, Respondent.—In a matrimonial action in which the mother was granted a judgment of divorce and custody of the two infant children, and in which the father later moved to modify the custody provisions of the judgment, the appeal is from an order of the Family Court, Rockland County, dated June 13, 1978, which denied the mother's motion, pursuant to CPLR 4506, to suppress certain taped telephone conversations. (We deem leave to appeal to have been granted by our order dated August 2, 1978, which granted appellant a stay.) Matter remanded to the Family Court for an evidentiary hearing solely on the question of whether the mother consented to the taping of her conversations and appeal held in abeyance in the interim. Whether a conversation or discussion ought to be suppressed under CPLR 4506 depends in critical part on whether there has been "the consent of at least one party" to the conversation or discussion. We remand for a determination of whether the mother consented to having her telephone conversations with her children at their father's residence recorded. Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur. [95 Misc 2d 33.]

■ In the Matter of CARMELLA LA VALLE, Petitioner, v BARBARA BLUM, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated December 27, 1977 and made after a statutory fair hearing, which affirmed the determination of the local agency to reduce petitioner's home care services. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and matter is remanded to the respondent State commissioner for a new determination in accordance herewith. The unintelligible handwritten notes of the hearing officer could not form the basis of a proper determination by the respondent State commissioner. Moreover, the factual inaccuracies contained in the decision following the fair hearing, which was issued prior to the availability of an exact rendition of the testimony at the hearing, confirm our reservations in this regard. We note in particular the crucial finding that no medical recommendation that petitioner receive 56 hours per week of home health care services was made to the agency until after July 11, 1977 (the date that the agency decided to reduce petitioner's home care services to 20 hours per week). Had the respondent State commissioner reviewed the transcript of the hearing it would have been apparent from the testimony of petitioner's caseworker, Mrs. Beha, that petitioner had been receiving 56 hours of home care services per week, at least until July 11, 1977, upon the recommendation of petitioner's physician, Dr. Schadlow. Further, agency Exhibits Nos. 10 and 11 consist of a Department of Social Services form dated April 24, 1977, in which Dr. Schadlow recommended that the petitioner be provided with a "Homemaker" eight hours per day, seven days per week. In light of the foregoing, this case should be remanded to the respondent State commissioner so that a careful review of the entire record might properly be made. O'Connor, J. P., Shapiro, Cohalan and Margett, JJ., concur.