■ In the Matter of GLORIA BERK, Appellant, v HARVEY BERK, Respondent.—In a matrimonial action in which the mother was granted a judgment of divorce and custody of the two infant children, and in which the father later moved to modify the custody provisions of the judgment, the appeal is from an order of the Family Court, Rockland County, dated June 13, 1978, which denied the mother's motion, pursuant to CPLR 4506, to suppress certain taped telephone conversations. (We deem leave to appeal to have been granted by our order dated August 2, 1978, which granted appellant a stay.) By order dated January 22, 1979, the matter was remitted to the Family Court for an evidentiary hearing on whether the mother consented to the taping of her conversations, and the appeal has been held in abeyance in the interim *(Matter of Berk v Berk,* 67 AD2d 708). The Family Court has complied. Order reversed, with $50 costs and disbursements, and motion to suppress granted. When this matter was remitted to the Family Court, we noted that "Whether a conversation or discussion ought to be suppressed under CPLR 4506 depends in critical part on whether there has been 'the consent of at least one party' to the conversation or discussion" *(Matter of Berk v Berk, supra,* p 708). The minutes of the hearing are now before us. What the parties did at the hearing was to stipulate that "Harvey Berk has no direct or indirect evidence to present to this Court that Gloria Berk consented to monitoring or recording of her private conversations with [her infant sons]." Without proof of consent of at least one party to the conversations, the taped conversations may not be put into evidence (see CPLR 4506). The clear and unequivocal intent of the Legislature, as expressed in CPLR 4506 (subd 1), is to exclude illegally obtained wiretap evidence "in any trial, hearing or proceeding before any

court or grand jury, or before any legislative committee, department, officer, agency, regulatory body, or other authority of the state, or a political subdivision thereof". Such specific language of exclusion, made applicable to legislative committees and administrative bodies that are not bound by strict rules of evidence, applies as well to the Family Court (see *Pica v Pica,* 70 AD2d 931). Ample evidence is available to evaluate the best interests of the children without resorting to illegally obtained recordings of conversations between the mother and her children. The proceedings should now move forward expeditiously. Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur. [95 Misc 2d 33.]