OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
The authority of the Appellate Division in matters of custody is as broad as that of the Trial Judge (see, Kobylack v Kobylack, 62 NY2d 399; Majauskas v Majauskas, 61 NY2d 481). When the Appellate Division reverses a custody award made by Special Term, our function is, therefore, to decide, taking into consideration the various factors on which custody awards depend, which determination of the courts below comports more nearly with the weight of the evidence (Eschbach v Eschbach, 56 NY2d 167, 174; cf. Matter of Ray A.M., 37 NY2d 619, 622-623).
In that evaluation respect is to be accorded the Trial Judge’s advantage, not available to appellate Judges, in being able to observe the demeanor of the witnesses (id.; Boyd v Boyd, 252 NY 422), as well as the desire of the child whose custody is in issue (Eschbach v Eschbach, 56 NY2d, at p 173, supra), but neither is determinative (id.). Stability is likewise an important consideration but the disruption of change is not necessarily conclusive (Friederwitzer v Friederwitzer, 55 NY2d 89, 94). Primary among the circumstances to be considered in determining the best interests of the child are the ability to provide for the child’s emotional and intellectual development, the quality of the home environment and the parental guidance provided (Eschbach v Eschbach, 56 NY2d, at p 172, supra).
*948 In the instant case the agreement between the parents, incorporated in the divorce decree, provided for joint custody but physical residence of the then five-year-old boy with his mother, either party, however, to be entitled, upon application, to a de novo hearing as to sole custody. That arrangement indicates the father’s willingness under the then existing circumstances to have his son reside with his mother and bears upon the question of stability, but otherwise has little weight (Friederwitzer v Friederwitzer, supra). The Appellate Division brushed aside the question whether physical surroundings in petitioner’s home are unsanitary and unkempt, but concluded that the cultural, educational and social opportunities with respondent were essential to the boy’s development and had not been provided by petitioner, and that, therefore, a change in his custody was warranted. In our view, the weight of the evidence more nearly comports with the Appellate Division’s conclusion that petitioner paid insufficient attention to the child’s development, with the result that he had few peers with whom to interact, was excessively absent from school, spent little, if any, time elsewhere than on petitioner’s farm or at school, and had developed a behavioral problem in relation to his classmates. Nor is our conclusion affected by the psychiatrist’s testimony that the boy should remain with his mother until he is 9 or 10, for he also testified that the boy loves his father and enjoys being with him, and the child, having been born December 17,1975, is now in his tenth year.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order affirmed, without costs; in a memorandum.