■ ARTHUR A. DORNBUSCH, II, Appellant, v KAREN DORNBUSCH, Respondent.

The trial court erred in granting custody of the parties' four children to defendant. It is beyond cavil that the paramount concern in all custody matters is the best interests of the child (*Matter of Nehra v Uhlar*, 43 NY2d 242). In an initial custody battle, there is no presumption in favor of either parent (Domestic Relations Law § 240).

The wife admitted that she carried on a secret affair of over a year's duration and that she would invite her paramour to spend time at the marital home, with the children present, when the husband was away. On at least one occasion, the wife had relations with her paramour in the marital bedroom; the children eventually told the husband that they could hear the couple through the walls. In addition, the wife spent a great deal of time on dates and trips with her paramour, often leaving the husband or oldest child to baby-sit. When finally confronted by the husband, and the children, the wife denied the affair but nevertheless chose to continue it. Such conduct poses a danger to the welfare of the children and clearly indicates an inclination on the part of the wife to subordinate their needs to her own. As the record indicates the husband to be a totally fit and loving father, he should have custody of the children (*see, Johnson v Johnson*, 47 Misc 2d 805, *affd* 25 AD2d 672). Issues as to occupancy of the marital home, the wife's visitation and the economic issues are for the trial court to determine on remand.

We further find the monthly maintenance award of $2,000 is excessive in view of the circumstances of the parties as set forth in the record, and accordingly we reduce the pendente lite award to $1,000.

We have considered the parties' remaining contentions and find them to be without merit. Mollen, P. J., Titone, Thompson and Lawrence, JJ., concur.