■ ALLAN E. SILVER, Respondent, v THERESA SILVER, Appellant.—In a matrimonial action in which the plaintiff husband has been granted a judgment of divorce, the defendant wife appeals from an order of the Supreme Court, Nassau County (Ain, J.), entered January 22, 1986, which, upon the plaintiff's motion, after a hearing, *inter alia,* (1) changed the permanent custody of the two infant issue of the marriage from the defendant to the plaintiff, effective January 24, 1986, (2) provided that if the defendant returned to the State of New York, she could make application "for more liberal visitation rights", and (3) suspended all child support payments to the defendant as of July 18, 1985.

Order modified, on the law, by deleting the eighth decretal paragraph thereof and by substituting the following provision: "ORDERED, that should the defendant wife return to New York State with the children of the marriage and take up permanent residence with them within a 50 mile radius from the post office located in Glen Cove, Nassau County, New York, permanent custody of the infant issue of the marriage will revert to the defendant wife as provided in the separation agreement between the parties dated April 2, 1985, which survived and was not merged into the judgment of divorce dated June 10, 1985, and the plaintiff husband's support obligations and visitation rights as set forth in that separation agreement shall resume as of the date of the defendant wife's return". As so modified, order affirmed, without costs or disbursements. The defendant wife's time to return to this State in accordance with the foregoing is extended until 90 days after service upon her of a copy of the order to be made hereon, with notice of entry.

The separation agreement entered into by the parties on April 2, 1985, survived and was not merged into the judgment of divorce dated June 10, 1985. This agreement provided, *inter alia*, that permanent custody of the children would be with the defendant wife and that she would "not remove the residence of the children beyond a radius of fifty (50) miles from the post office located in Glen Cove, Nassau County, New York, without the prior written consent of the [husband]". The agreement also provided for support payments on the part of the husband, and granted him visitation rights.

Special Term modified the judgment of divorce so as to change permanent custody from the wife to the husband, and suspended the husband's support payments to the wife, based on the wife's departure with the infant issue of the marriage from this State to Utah on or about July 19, 1985, without the husband's consent. Special Term found that the wife's departure was made for the sole purpose of thwarting the husband's visitation rights. Specifically, Special Term relied on the testimony of a psychologist, Dr. Yaacov Rose, who tesified that (1) the wife's sudden departure with the children from this State to Utah represented a manifestation of her frustration and inability to deal with the husband's visitation privileges, and (2) the best interests of the children would not be served by the continuance of such virtual noncontact with the husband.

Special Term did not abuse its discretion in changing the permanent custody of the children from the wife to the husband and suspending the husband's child support payments as of July 18, 1985, based on the record before it *(see, Entwistle v Entwistle,* 61 AD2d 380, 384-385, *appeal dismissed* 44 NY2d 851; *Abraham v Abraham,* 44 AD2d 675; *Callender v Callender,* 37 AD2d 360). However, Special Term erred when it provided in the eighth decretal paragraph of the order appealed from that if the wife returned to New York she would, at best, only be entitled to more liberal visitation rights rather than reversion of permanent custody of the children to her. In *Kozak v Kozak* (111 AD2d 842, *appeal dismissed* 66 NY2d 913) this court, confronted with an unjustified move by a wife from New York to Kentucky, gave her the opportunity to return to New York with the children within a specified time and provided that if that condition was met, the custody provisions contained in a certain separation agreement, i.e., joint custody with the children living with the wife, would not be disturbed. Under the circumstances of this case, such an opportunity should have been granted to the wife and

the order appealed from has therefore been modified to this extent.

We note that at the oral argument of the instant appeal, counsel advised the court that the wife has in fact returned with the children to New York, and has set up a permanent residence with the children in Levittown, Long Island. Indeed, in the papers submitted to this court in connection with the defendant's motion for a stay of Special Term's order entered January 22, 1986, the wife alleged that she had taken up permanent residence in Levittown, Long Island with the children, and the husband's counsel acknowledged in his affidavit that the wife had returned to New York on January 17, 1986. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.