■ CHERYL JANECKA, Formerly Known as CHERYL J. FRANKLIN, Appellant-Respondent, v ROBERT S. FRANKLIN, Respondent-Appellant.—In a matrimonial action in which the parties were previously divorced, the plaintiff wife appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 27, 1987, as, after a hearing, denied her motion to restore physical custody of the parties' two children to her, and the defendant husband cross-appeals from so much of the same order as denied his cross motion for sole custody of the children and for counsel fees.

Ordered that the order is modified, in the exercise of discretion, by deleting the provision thereof which denied the plaintiff's motion and substituting therefor a provision granting that motion; as so modified, the order is affirmed, without costs or disbursements.

The mother and father entered into a separation agreement dated February 8, 1984, in which they agreed to joint custody of the two infant children, with physical custody with the mother. The separation agreement survived and was not merged in the judgment of divorce. It provided that both parties would continue to reside within 50 miles of the marital residence in Riverdale.

In April 1985 the mother married her present husband, Dr. Janecka, a plastic surgeon. For professional reasons, Dr. Janecka sought to leave his position on the faculty of Columbia Presbyterian Medical Center, and he ultimately chose a position at a hospital in Pittsburgh. The Janeckas began the process of moving to Pittsburgh. The father was told of the

move. He sought, and was granted, a temporary restraining order to keep the parties' children in Riverdale.

After a hearing, the court, in an oral decision, found that both parents were fit. The court concluded that the most stable and consequently best custody arrangement was for the children to remain in Riverdale with the father but that legal custody was to remain joint. However, when counsel for the mother asked whether she could reapply for physical custody if she were to return to Riverdale, the court replied "Absolutely".

Three days after the court rendered its oral decision, the mother moved, by order to show cause, to restore the original custody arrangement based on her decision to move the Janecka family back to Riverdale, essentially leaving Dr. Janecka as a commuting husband. The father cross-moved for sole custody of the children and for counsel fees. The court, in the order appealed from, denied both motions. The parties cross-appeal from that order.

Initially, we must reject the father's contention that the parties have such a severely antagonistic relationship that joint legal custody is insupportable (cf., Braiman v Braiman, 44 NY2d 584). Although the parties are often hostile, the best interests of the children would not be served by awarding sole custody to the father.

Moreover, because (1) the mother is fit, (2) the record reveals that the children have a good relationship with both their parents, (3) the parties originally agreed that physical custody should be with the mother, and (4) it was conceded that the mother has moved back to Riverdale, we conclude that physical custody should be restored to her (see, Silver v Silver, 119 AD2d 742), and that the defendant husband's visitation schedule as set forth in the separation agreement should resume.

We note further that ample evidence was available to evaluate the best interests of the children in the instant case without resorting to intercepted conversations between the mother and her children (see, Matter of Berk v Berk, 70 AD2d 943, 944).

Moreover, inasmuch as the father did not make any showing of his financial inability to pay his own counsel fees, the court properly denied that branch of his cross motion (see, Baynon v Baynon, 111 AD2d 733, 735). Lawrence, J. P., Weinstein, Rubin and Kooper, JJ., concur.