■ CAROL D. BONHEUR, Respondent, v BIJAN BONHEUR, Appellant.—In a matrimonial action, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Belfi, J.), entered July 2, 1986, as, *inter alia,* (1) awarded permanent custody of the infant issue of the parties to the plaintiff, (2) fixed the amount of child support, and (3) made an award of equitable distribution.

Ordered that the judgment is modified, on the law, by deleting the fourth decretal paragraph thereof and the matter is remitted to the Supreme Court, Queens County, for a determination of the amount of child support based on findings of fact in compliance with the provisions of Domestic Relations Law § 236 (B) (7) (a) and in accordance herewith; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and it is further,

Ordered that in the interim, the defendant shall continue to pay the plaintiff the sum of $200 per week in child support.

The parties were married in 1979. Their only child, Nicole, was born on October 30, 1979. The plaintiff commenced the instant action on April 21, 1983, for, *inter alia,* a divorce, custody of the infant, child support, and equitable distribution.

Following a nonjury trial, the court found that both parents were fit but awarded custody of the child to the plaintiff. We agree. "It is well established that the preeminent concern in child custody matters is the best interest of the child *(see, Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89). Inasmuch as neither parent has a prima facie right to custody *(see,* Domestic Relations Law §§ 70, 240), the court must conduct a comprehensive hearing, and carefully consider all applicable factors, in determining the best interest of the child *(see, Eschbach v Eschbach, supra,* at 171-174; *State ex rel. Hathaway v Baker,* 103 AD2d 762). The court's determination, rendered after a full evidentiary hearing, is entitled to great weight and should not be set aside where it is in conformity with the evidence *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947; *Eschbach v*

*Eschbach, supra,* at 174; *Ira K. v Frances K.,* 115 AD2d 699)" *(Matter of Jaeger v Ward,* 128 AD2d 530, 531). We find that the court's determination is supported by the evidence and, therefore, should not be disturbed. In particular, the defendant argues that the court erred by accepting the custody recommendation of 1 psychological expert over that of 2 others. We find, however, no abuse of discretion in the court's decision *(see, Ira K. v Frances K.,* 115 AD2d 699, *supra).*

The court awarded the plaintiff $200 per week in child support, but did not state the specific reasons for its award, nor did it sufficiently consider the tax consequences thereof. While this court can, in an appropriate case, make its own determination, we find that this case should be remitted for a new determination on this issue *(see, Jerkovich v Jerkovich,* 100 AD2d 575; *cf., Murphy v Murphy,* 110 AD2d 688) which specifically takes into account, *inter alia,* the child's needs, the plaintiff's financial status, and the tax consequences of plaintiff's award. In the interim, the defendant shall continue to pay the plaintiff the sum of $200 per week in child support.

Finally, we conclude that the court properly denied the defendant's motion to abate the child support arrears *(see, Singer v Singer,* 136 AD2d 695) and that the distribution of the marital property was equitable *(see, Rossi v Rossi,* 137 AD2d 590; Domestic Relations Law § 236 [B] [5]). Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.