■ CHERYL JANECKA, Formerly Known as CHERYL J. FRANKLIN, Appellant-Respondent, v ROBERT S. FRANKLIN, Respondent-Appellant.—In a matrimonial action in which the parties were previously divorced, (1) the plaintiff wife appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered January 20, 1988, as denied that branch of her cross motion which was for sole custody of the children of the marriage and (2) the defendant husband cross-appeals, as limited by his brief, from so much of the same order as denied his motion for (a) an order retaining joint custody but granting him physical custody of the children for six months of each year, and (b) for an order setting forth specific grandparental visitation rights.

Ordered that the order is modified, on the facts, by deleting the provisions which (a) denied that branch of the plaintiff's motion which was for sole custody of the parties' children and (b) denied that branch of the defendant's motion which sought specific grandparental visitation rights; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for an immediate hearing on the question of who should be awarded sole custody of the children, the issue of visitation by the noncustodial party, and, if appropriate, grandparental visitation.

The parties entered into a separation agreement in February 1984, in which they agreed to joint custody of the two infant children of the marriage with physical custody with the mother. The separation agreement survived and was not merged in the judgment of divorce. On a prior appeal when these parties were before this court, we stated, "we must reject the father's contention that the parties have such a severely antagonistic relationship that joint legal custody is insupportable *(cf., Braiman v Braiman,* 44 NY2d 584). Although the parties are often hostile, the best interests of the children would not be served by awarding sole custody to the father" *(Janecka v Franklin,* 131 AD2d 436, 437, *lv denied* 70 NY2d 612). Subsequent to this court's decision the defendant husband moved, *inter alia,* for an order granting him physical custody of the children for six months of each year while the plaintiff wife cross-moved, *inter alia,* for sole custody of the

children. The Supreme Court denied those branches of the motion and cross motion pertaining to custody.

Although in our prior assessment of the parties' relationship we declined to terminate their joint custodial arrangement, the circumstances which have arisen since then establish convincingly that joint custody is no longer a tenable option if the best interests of the children are to be furthered. It is well settled that "[a]n award of joint custody is only appropriate where the parties involved are relatively stable, amicable parents who can behave in a mature, civilized fashion" *(Trolf v Trolf,* 126 AD2d 544, *lv dismissed* 69 NY2d 1038; *see also, Bliss v Ach,* 56 NY2d 995; *Braiman v Braiman, supra; Matter of Harvey v Share,* 119 AD2d 823, 824; *Matter of Bishop v Lansley,* 106 AD2d 732, 733). Further, the parties "must be capable of cooperating in making decisions on matters relating to the care and welfare of the children" *(Trolf v Trolf, supra).*

The record at bar reveals—and the parties themselves have conceded at oral argument—that there has developed between them an irremediable acrimony which has undermined their ability to cooperate in matters relating to the children, thereby rendering the present joint custodial arrangement unworkable. Moreover, when questioned at oral argument, defense counsel conceded that, under the circumstances, the alternating schedule of physical custody sought by the defendant on his cross appeal is no longer a viable substitute for the parties' present joint custodial arrangement, and he withdrew that application. Since the parties have been unable to overlook their differences for the good of their children and since joint custody is no longer appropriate, the matter must be remitted to the Supreme Court, Westchester County, for an evidentiary hearing at which the court will determine which custodial arrangement will advance the best interests of the children. At the hearing the court will consider the full range of issues related to the question of custody, including visitation and, if appropriate, grandparental visitation. Finally, we are concerned that the parties' hostility and inability to cooperate will threaten the stability and welfare of the children and, accordingly, we direct that the hearing be conducted forthwith. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.