■ JOAN C. CURTISS, Appellant, v H. LAWRENCE ELMAN, Respondent.—In a matrimonial action in which the parties were divorced by a judgment entered January 3, 1986, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Abrams, J.), dated February 26, 1986, as upon the motion by the defendant husband and cross motion by the plaintiff wife, *inter alia,* for sole custody of the parties' infant children, maintained the joint custody relationship and changed the primary residence of the parties' infant children to the defendant father's home.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

Upon this record, we find that the trial court carefully considered the totality of the circumstances involved in determining the best interest of the children *(see, Eschbach v Eschbach,* 56 NY2d 167, 171) and properly maintained the joint custody arrangement agreed to by the parties, while determining that physical residence of the children should be with their father *(see, Matter of Martin v Martin,* 113 AD2d 943). Eiber, J. P., Kooper and Spatt, JJ., concur.

Harwood, J., concurs, with the following memorandum: Because the record amply supports the conclusion that the primary residence of the two children should be with the defendant father, and because the defendant father takes no cross appeal, I concur in affirmance of that portion of the order from which the plaintiff mother appeals. But although

the defendant father does not challenge the denial of his application for sole custody, I must express my belief that joint custody is not appropriate in this case.

As we have recently held "[i]t is well settled that '[a]n award of joint custody is only appropriate where the parties involved are relatively stable, amicable parents who can behave in a mature, civilized fashion' * * *. Further, the parties 'must be capable of cooperating in making decisions on matters relating to the care and welfare of the children' " *(Janecka v Franklin,* 143 AD2d 731, quoting from *Trolf v Trolf,* 126 AD2d 544, *lv dismissed* 69 NY2d 1038; *see, Braiman v Braiman,* 44 NY2d 584).

The parties to this action meet none of these criteria. Only two of the more dramatic examples of the hostility which makes joint custody inappropriate are that the mother repeatedly refers to the father in obscene anti-Semitic language and that her present husband has physically and verbally assaulted the defendant father in the presence of the children. In addition, the parties appear unable to agree on anything, much less the care and welfare of these young children. However, during oral argument of this appeal the defendant father's counsel specifically stated, in response to a question from the Bench, that the defendant father does not ask the court for sole custody.

Therefore, I concur in continuing the joint custodial arrangement somewhat secure in the knowledge that the children's primary residence will be with their father.