■ JACQUI SETTY, Respondent, v ROBERT KOENEKE, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated June 2, 1987, as awarded the plaintiff wife (1) custody of the parties' child, (2) maintenance, (3) child support, and (4) counsel fees.

Ordered that the judgment is modified, by deleting the fourth decretal paragraph thereof, which awarded custody of the parties' child to the mother, and provided for visitation and substituting therefor a provision awarding custody of the child to the father, and by deleting the fifth decretal paragraph thereof, which provided for child support and maintenance; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination as to the mother's visitation rights and a determination of the amount of maintenance based upon

findings of fact in compliance with the provisions of the Domestic Relations Law § 236 (B) (6). Pending the determination, the defendant shall continue to pay to the plaintiff the sum of $150 for child support and maintenance; the plaintiff, if she should be so advised, may apply to the Supreme Court, Queens County, to set the terms of interim visitation, which shall be liberal.

It is beyond cavil that the preeminent concern in child custody matters is the best interest of the child (see, Eschbach v Eschbach, 56 NY2d 167; Friederwitzer v Friederwitzer, 55 NY2d 89; Bonheur v Bonheur, 138 AD2d 441; Matter of Jaeger v Ward, 128 AD2d 530). Further, neither parent has a prima facie right to custody (see, Domestic Relations Law §§ 70, 240). Accordingly, a court must conduct a comprehensive hearing, carefully considering all applicable factors, to determine the best interest of the child (see, Eschbach v Eschbach, supra; Bonheur v Bonheur, supra; Matter of Jaeger v Ward, supra). While due deference must be accorded to the Judicial Hearing Officer, who has seen and evaluated the evidence first hand (see, Matter of Gloria S. v Richard B., 80 AD2d 72; Freiman v Freiman, 99 AD2d 765; see, e.g., Gunn v Gunn, 143 AD2d 393), we would be remiss were we, in blind deference to a finding of a Judicial Hearing Officer, to allow a custody determination to stand where it "lacks * * * substantial basis in the record" and is contrary to the weight of the evidence (see, Matter of Gloria S. v Richard B., supra, at 76). We conclude that the Judicial Hearing Officer's determination that to remove the child from the custody of the mother "would be a serious traumatic experience which might result in permanent psychological scars" is totally unfounded. We note that it is undisputed that the court-appointed psychiatrist was unable to examine the plaintiff mother in the presence of the child to evaluate the nature of their relationship. Further, we agree with the father that the evidence suggests that the mother, through her own actions, frustrated the attempts by the psychiatrist to conduct this examination.

Moreover, in evaluating the relative fitness of the respective parents (see, Matter of Nehra v Uhlar, 43 NY2d 242, 250-251, Freiman v Freiman, supra), we conclude that the father is relatively more fit to be the custodial parent. There is substantial evidence in the record that the mother, who has not had stable employment for some time, lied to the court and the father about her living arrangements, repeatedly interfered with the father's visitations, and maintained a flamboyant life-style inimical to the child's best interests, all relevant

considerations in the determination of relative fitness *(see, Dornbusch v Dornbusch,* 110 AD2d 808, *lv denied and appeal dismissed sub nom. Arthur A. D. v Karen D.,* 65 NY2d 1024; *Fontaine v Smielak,* 92 AD2d 880; *Matter of Feldman v Feldman,* 45 AD2d 320). By contrast, the father, a police officer working the night shift, is not only loving, caring and fully attentive to the child's needs, but he can offer the child a stable home environment where members of his extended family can contribute to the care of the infant when he is working *(see, e.g, Crum v Crum,* 122 AD2d 771).

We remit this case for a new determination on the issue of maintenance, because the Judicial Hearing Officer failed to state the specific reasons for the award *(see,* Domestic Relations Law § 236 [B] [6]; *Brundage v Brundage,* 100 AD2d 887). We note that the Judicial Hearing Officer should take into account the reduction in the mother's rental payments and the prospect for her future employment, as evidenced by her representation that she expected to become employed by September 1987 after the child was to be enrolled in school.

Finally, the court did not improvidently exercise its broad discretion in awarding the mother counsel fees *(see, Matter of Tavolacci v Garges,* 124 AD2d 734). Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.