■ In the Matter of Donna G., Respondent, v Gloria G., Appellant.—In a custody proceeding pursuant to Family Court Act article 6, the appeal is from so much of an order of the Family Court, Westchester County (Barone, J.), entered January 31, 1989, as, after a hearing, transferred custody of a 12-year-old child from her maternal grandmother to her mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Christina D., who is 12 years old, has been living with the respondent, her maternal grandmother, since she was an infant. Her mother, the petitioner, who is currently married and living with her husband and Christina's half sister, seeks custody of Christina. The instant custody proceeding is one of several between the parties. The first was commenced in 1982.

The record supports a finding that the petitioner surrendered custody of Christina to the respondent. There is no indication that the petitioner showed any interest in the welfare of her daughter between the time that she relinquished custody until the time she first commenced custody proceedings, a period of approximately three years. Under

these circumstances, an inquiry must be made as to whether the interests of Christina would best be served if her custody is awarded to her mother or if it is to remain with her grandmother *(Matter of Bennett v Jeffreys,* 40 NY2d 543; *see, Matter of Male Infant L.,* 61 NY2d 420).

It is apparent that the Family Court gave the proper weight to the evidence presented, used the appropriate determinative factors and properly found that it would be in Christina's best interest to be in the custody of her mother *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946; *Eschbach v Eschbach,* 56 NY2d 167). Although not determinative, it is important to note that Christina expressed the clear, unequivocal and uncoerced desire to be with her mother, a factor that is some indication of what is in the child's best interest *(see, Eschbach v Eschbach,* 56 NY2d 167, 173, *supra).* Moreover, it is apparent that Christina's emotional and intellectual development would best be served by her residence in the relatively tranquil home environment of her mother and stepfather *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947, *supra).* In particular, we note that the child's psychotherapist, called as a witness by the grandmother, testified that the grandmother's household was "particularly stressful". These factors, when considered in the totality of the circumstances of this case, support the conclusion that custody with the petitioner would be in the best interest of Christina *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89). Accordingly, the determination of the Family Court should not be disturbed. Bracken, J. P., Kooper, Spatt, Balletta and Rosenblatt, JJ., concur.