■ In the Matter of CAROL TRENTACOSTE, Respondent, v SALVATORE TRENTACOSTE, Appellant. [604 NYS2d 817] —In a proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from (1) a dispositional order of the Family Court, Putnam County (Sweeney, J.), entered November 29, 1990, which granted custody of the parties' children to the mother, (2) an amended visitation order of the same court, entered April 15, 1991, and (3) an order of the same court, entered April 15, 1991, which awarded attorneys' fees in the amount of $873.75 to the mother.

Ordered that the order entered November 29, 1990, is affirmed, without costs or disbursements; and it is further,

Ordered that the amended visitation order entered April 15, 1991, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered April 15, 1991, is dismissed as abandoned, without costs or disbursements, and on the ground that no appeal as of right lies from a nondispositional order.

The findings of the Family Court with regard to matters of custody must be accorded great respect, and should not be set aside in the absence of articulated reasons therefor (see, Eschbach v Eschbach, 56 NY2d 167, 173). We find no basis to disturb the trial court's conclusion that joint legal custody is inappropriate because of the animosity between the parties and the parties' inability to put aside their differences for the good of the children (see, Braiman v Braiman, 44 NY2d 584, 590; Matter of George W. S. v Donna S., 187 AD2d 657; Carr v Carr, 171 AD2d 776).

We note that the amended visitation order makes no explicit finding that the appellant violated an order of protec-

tion. Nevertheless, we find that the directions issued in the amended visitation order constituted a proper exercise of the court's discretion under the circumstances of this case.

The appeal from the nondispositional order entered April 15, 1991, is dismissed, as no appeal lies from that order as of right (see, Family Ct Act § 1112 [a]). Further, the appellant does not challenge the propriety of that order in his brief on appeal, and therefore has abandoned the appeal. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.