■ CATHERINE RANIOLO, Appellant, v GEORGE R. RANIOLO, Respondent. [612 NYS2d 268] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered April 14, 1993, which, after a nonjury trial, inter alia, granted the husband custody of the parties' infant son, directed her to pay child support, valued and distributed the parties' marital property, calculated arrears in maintenance and child support, and awarded her maintenance in the amount of $600 per week for six years only.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the amount $3,750 from the sixth decretal paragraph thereof and substituting therefor the amount $4,350, (2) amending clause (c) of the seventh decretal paragraph thereof by deleting the word "Miramac" and substituting the word "Miramar" therefor, and then by adding thereto after the words "the Miramar sale proceeds", the words "in the amount of $30,000 only", and (3) deleting from clause (d) of the seventh decretal paragraph thereof the amount $68,500 and substituting therefor the amount $117,000; as so modified, the judgment is affirmed insofar as appealed from, with costs to the respondent.

The parties were married in 1967 in Nassau County. They have four children but since the eldest three have reached the age of majority, custody was an issue only in connection with their youngest child Frank. In a custody determination the

preeminent concern is the best interests of the child *(see, Eschbach v Eschbach,* 56 NY2d 167, 171). In making a custody determination, a court must weigh several factors of varying degrees of importance, including the quality of the home environment, the ability of each parent to provide for the child's emotional and intellectual development, the child's desires, and the presence of siblings. Since any such determination depends largely upon an assessment of the credibility and character of all parties involved, the trial court's findings must be accorded great respect on appeal *(see, Eschbach v Eschbach, supra; Matter of Sullivan v Sullivan,* 190 AD2d 852). Upon a review of the record, in the light of the foregoing factors, we are satisfied that the court correctly determined that the best interests of Frank would be served by awarding custody to his father.

The court erred in awarding the plaintiff wife only $3,750 as child support arrears, since her uncontroverted testimony was that she was owed $4,350.

While the court properly determined that the parties should share equally in the marital estate we find that it erred in crediting the plaintiff wife with having received the full proceeds from the sale of the parties' Miramar real property. A review of the record indicates that this property was sold for $127,000 in 1987, before the divorce action was commenced and ordinarily the proceeds of the sale would not be included in the list of marital assets. At trial, however, the wife admitted that she used $30,000 of the proceeds to acquire the home in which she then lived and used the balance of $97,000 to pay off marital debt. Thus, the court should have credited her with receiving only $30,000 *(see, Marcus v Marcus,* 137 AD2d 131, 137). The $97,000 balance must therefore be deducted from the total amount of marital assets computed by the court, i.e. $1,058,500, which after the additional deduction of $114,500 for marital debt, leaves marital assets with a net value of $847,000 of which the wife is entitled to $423,500. Based on its original computations the court determined that the wife's share of marital assets was $472,000 and that she had already received assets valued at $403,500, leaving a balance of $68,500 which was awarded to her in the judgment. However, in accordance with this decision the actual value of the assets received by the wife was $306,500 ($403,500 − $97,000), which leaves a balance of $117,000 ($423,500 − $306,500) due to her. Accordingly, the distributive award to be granted to the plaintiff wife should be increased from $68,500 to $117,000.

We have reviewed the plaintiff wife's remaining contentions and find them to be without merit. Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.