■ In the Matter of CHRISTINE A. JAEGER, Respondent, v ROBERT E. JAEGER, Appellant. [616 NYS2d 230] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Dutchess County (Marlow, J.), dated March 10, 1992, as, after a hearing, granted the mother's petition for sole custody of the parties' son and denied his cross petition for sole custody.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The mother and the father were married on July 30, 1983. On April 8, 1988, the parties had a son. The parties stopped living together on or about June 11, 1990, and the mother kept the son with her. Thereafter, the mother petitioned for sole custody of the son and the father cross-petitioned for sole custody.

It is well established that the primary concern in child custody matters is the best interests of the child and what will promote the child's welfare and happiness *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946; *Eschbach v Eschbach,* 56 NY2d 167; *Matter of Laura A. K. v Timothy M.,* 204 AD2d 325).* There is no prima facie right to the custody of the

child in either parent *(see,* Domestic Relations Law §§ 70, 240; *Bluemke v Bluemke,* 155 AD2d 574, 575). Primary among the factors to be considered in determining the best interest of the child are the ability to provide for the child's emotional and intellectual development, the quality of the home environment, and the parental guidance provided *(see, Matter of Louise E. S. v W. Stephen S., supra,* at 947; *Raniolo v Raniolo,* 203 AD2d 268). The trial court's determination, rendered after a full evidentiary hearing, is entitled to great weight on appeal, because the Trial Judge had an advantage not available to Appellate Judges: the opportunity to observe the demeanor of the witnesses *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946; *supra; Matter of Trentacoste v Trentacoste,* 198 AD2d 284; *Bonheur v Bonheur,* 138 AD2d 441). We find that, contrary to the father's contention, the award of custody to the mother was not against the weight of the evidence *(see, Matter of Louise E. S. v* W. Stephen S., supra, at 946; *Matter of Trentacoste v Trentacoste, supra,* at 284; *Bonheur v Bonheur, supra).*

While it was error to admit the recording of the conversation between the father and the son, that error was harmless, since there was ample evidence to evaluate the best interests of the child without resorting to the recording of the conversation between the father and the son *(see, Janecka v Franklin,* 131 AD2d 436; *Matter of Berk v Berk,* 70 AD2d 943). Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.