■ In the Matter of MARK STORNELLI, Appellant, v PATRICIA STOWERS, Respondent. In the Matter of PATRICIA STOWERS, Respondent, v MARK STORNELLI, Appellant. [643 NYS2d 782] —Order unanimously affirmed without costs. Memorandum: Petitioner father appeals from an order of Family Court that resolved cross petitions for custody by awarding sole custody of the parties' daughter, Brittany, to respondent mother. Petitioner contends that the court failed to consider that Brittany had been residing with him pursuant to a temporary custody order and that respondent had fled the jurisdiction in order to deprive petitioner of custody or visitation.

The parties lived together intermittently between September 1990 and June 1994, but never married. They had an unstable and tumultuous relationship characterized by frequent changes of jobs and residences, constant arguing, several physical separations, and repeated assaults by petitioner upon respondent, most of them occasioned by arguments concerning petitioner's affairs with other women. The parties separated for the last time in June 1994; Brittany remained with respondent.

Since then, the parties generally have continued to exhibit instability in their respective employment, living situations, and relationships. On August 1, 1994, petitioner filed a petition and respondent filed a cross petition for custody. At the hearing on the issue of permanent custody in early December 1994, the testimony focused on the tumultuous relationship of the

parties, their respective living situations, and their respective capacities to care and provide for the child. In January 1995 the court awarded custody to respondent. It is fundamental that the paramount consideration in making an award of custody is the best interests of the child (see, Domestic Relations Law § 240 [1]; *Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-95). Many factors must be considered and weighed by the court and no single factor is dispositive (see, *Eschbach v Eschbach, supra*, at 171-174; *Matter of Belden v Keyser*, 206 AD2d 610, 611). "Primary among the circumstances to be considered in determining the best interests of the child are the ability to provide for the child's emotional and intellectual development, the quality of the home environment and the parental guidance provided" (*Matter of Louise E. S. v W. Stephen S.*, 64 NY2d 946, 947, citing *Eschbach v Eschbach, supra*, at 172). The hearing court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record (see, *Eschbach v Eschbach, supra*, at 173-174; *Matter of Hill v Rogers*, 213 AD2d 1079; see generally, *Matter of Louise E. S. v W. Stephen S., supra*, at 947).

Based on our review of the record, we agree with Family Court that the totality of circumstances supports the award of custody to respondent. Respondent displays more maturity and intelligence than petitioner, and a greater ability to provide for the child's intellectual and emotional development. In reaching that conclusion, we are particularly mindful of the physical abuse inflicted by petitioner upon respondent while they lived together. We reject petitioner's contention that the court failed to give due consideration to the temporary custody arrangement, which was of short duration and thus insignificant in comparison to the fact that respondent has been the primary caretaker for most of the child's life. Moreover, we conclude that respondent's brief flight from the jurisdiction, while not condoned, is of relatively minor significance (see, *Friederwitzer v Friederwitzer, supra*, at 94; *Matter of Nehra v Uhlar*, 43 NY2d 242, 249-250). (Appeal from Order of Orleans County Family Court, Punch, J.—Custody.) Present—Denman, P. J., Pine, Fallon, Balio and Boehm, JJ.