In the Matter of NANCY C., Appellant, v ALISON C., Respondent. (Appeal No. 1.) In the Matter of BRIANNA C. ALISON C., Respondent; NANCY C., Appellant. (Appeal No. 2.) [871 NYS2d 255]—

The order of protection expired by its own terms on November 16, 2008. Since the parties' rights will not be directly affected by a determination as to the propriety of the order of protection, the appeal from the order of protection has been rendered academic (*see Matter of Cooper-Winfield v Gary,* 9 AD3d 366 [2004]; *Matter of Levande v Levande,* 308 AD2d 450, 451 [2003]). Further, the issuance of the order of protection in this case "did not constitute a 'permanent and significant stigma which might

indirectly affect the appellant's status in potential future proceedings' " (*Matter of McClure v McClure,* 176 AD2d 325, 326 [1991]; *see Matter of Levande v Levande,* 308 AD2d at 451; *Matter of Cooper-Winfield v Gary,* 9 AD3d at 366).

The mother correctly contends that the Family Court improvidently exercised its discretion in appointing a guardian ad litem for her in the absence of evidence indicating that she was incapable of adequately prosecuting or defending her rights (*cf. Matter of Barbara Anne B.,* 51 AD3d 1018 [2008]; *Matter of Philip R.,* 293 AD2d 547 [2002]; *see* CPLR 1201, 1202 [a]). Therefore, the guardian ad litem was not authorized to consent to the appointment of a guardian of the person of Brianna C.

The matter must be remitted to the Family Court, Dutchess County, for a new determination as to whether the circumstances warrant the appointment of a guardian of the person of Brianna C. While the Family Court's power under SCPA 1701 and Family Court Act § 661 permits "the [Family] [C]ourt to appoint someone other than the infant's parent as a guardian [the court must make a] threshold finding of 'abandonment, unfitness, persistent neglect [by the parent] or other extraordinary circumstances,' which is the standard used in child custody cases" (Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SPCA 1701, at 5, quoting *Matter of Merritt v Way,* 85 AD2d 666, 667 [1981], *affd* 58 NY2d 850 [1983]; *see Matter of Bennett v Jeffreys,* 40 NY2d 543 [1976]). Here, the record is inadequate to enable us to determine this issue. Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.