■ In the Matter of BENJAMIN PEREZ, Respondent, v GRISSEL SEPULVEDA, Appellant. [877 NYS2d 344]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of protection of the Family Court, Queens County (Richroath, J.), dated April 15, 2008, and (2) an order of the same court, also dated April 15, 2008, which, without a hearing, granted that branch of the father's motion which was to suspend visitation between her and the child.

Ordered that the appeal from the order of protection is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The order of protection expired by its own terms on June 27, 2008. Since the rights of the parties will not be directly affected by a determination as to the propriety of the order of protection, the appeal from that order has been rendered academic (*see Matter of Cooper-Winfield v Gary,* 9 AD3d 366 [2004]; *Matter of Levande v Levande,* 308 AD2d 450, 451 [2003]; *Matter of Greene v Greene,* 216 AD2d 393 [1995]). Moreover, the issuance of the order of protection in this case did not constitute a permanent and significant stigma which might indirectly affect the mother's status in potential future proceedings (*see Matter of Cooper-Winfield v Gary,* 9 AD3d at 366-367; *Matter of Levande v Levande,* 308 AD2d at 451; *Matter of McClure v McClure,* 176 AD2d 325, 326 [1991]; *cf. Matter of Malfetano v Parker,* 7 AD3d 715 [2004]; *Matter of Cutrone v Cutrone,* 225 AD2d 767, 768 [1996]).

Even if the Family Court erred in considering the transcript of the tape made by the father of the mother's conversation with the child, which the father submitted in support of his application, inter alia, to suspend the mother's visitation (*see Matter of Cameron C.,* 283 AD2d 946, 947 [2001]; *Matter of Jaeger v Jaeger,* 207 AD2d 448, 449 [1994]; *Matter of Berk v Berk,* 70 AD2d 943 [1979]), the Family Court possessed sufficient information to render, without a hearing, an informed visitation determination consistent with the best interests of the child (*see Matter of Perez v Sepulveda,* 51 AD3d 673, 673-674 [2008]; *Matter of Hom v Zullo,* 6 AD3d 536 [2004]) without considering the recorded conversation (*see Matter of Jaeger v Jaeger,* 207 AD2d at 449; *Janecka v Franklin,* 131 AD2d 436, 437 [1987]; *Matter of Berk v Berk,* 70 AD2d at 943). Spolzino, J.P., Florio, Covello and Eng, JJ., concur.