■ ALEXANDER EKSTRA, Appellant, v MELISSA EKSTRA, Respondent. [912 NYS2d 592]—

In an action for a divorce and ancillary relief, the father appeals, by permission, from an order of the Supreme Court, Westchester County (Tolbert, J.), entered April 13, 2009, which, after a hearing, awarded sole custody of the subject children to the mother, and only awarded him certain visitation.

Ordered that the order is affirmed, with costs.

The primary concern in any custody dispute is the best interests of the child (*see* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *McVeigh v Curry*, 74 AD3d 915 [2010]). Factors a court should consider in determining the best interests of the child include "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and

the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Salvatore v Salvatore*, 68 AD3d 966, 966 [2009] [citation and internal quotation marks omitted]; *see Bourne v Bristow*, 66 AD3d 621 [2009]). Other factors a court should consider include the original placement of the child and the length of that placement (*see Pierre-Paul v Boursiquot*, 74 AD3d 935, 936 [2010]).

"The 'existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances' " (*Bourne v Bristow*, 66 AD3d at 621, quoting *Eschbach v Eschbach*, 56 NY2d at 174). "Moreover, inasmuch as custody determinations depend in large part on an assessment of the character and credibility of the parties and witnesses, the hearing court's findings will not be disturbed unless they lack a sound and substantial basis in the record" (*Pierre-Paul v Boursiquot*, 74 AD3d at 936; *see Eschbach v Eschbach*, 56 NY2d at 173; *Bourne v Bristow*, 66 AD3d at 622; *Matter of Berkham v Vessia*, 63 AD3d 1155 [2009]). Further, "[i]n custody disputes, the value of forensic evaluations of the parents and children has long been recognized and the opinions of forensic experts should not be readily set aside unless contradicted by the record" (*Matter of Volpe v Volpe*, 61 AD3d 691, 692 [2009] [citations and internal quotation marks omitted]).

Here, the Supreme Court's determination to award sole custody of the subject children to the mother has a sound and substantial basis in the record. Thus, the determination will not be disturbed.

The father contends that the Supreme Court erred in considering portions of the forensic report and the forensic expert's testimony regarding recordings allegedly made by the mother of the father's conversations with the children. We need not address this contention, since the Supreme Court possessed sufficient information to reach a determination as to the best interests of the children without resorting to that evidence and, thus, the father was not prejudiced by the alleged error (*see Matter of Perez v Sepulveda*, 60 AD3d 1072, 1073 [2009]; *Matter of Jaeger v Jaeger*, 207 AD2d 448, 449 [1994]; *cf. People v Qike Huang*, 284 AD2d 417 [2001]).

"The extent to which the noncustodial parent may exercise parenting time is a matter committed to the sound discretion of the hearing court to be determined on the basis of the best interests of the child" (*Bluemer v Bluemer*, 47 AD3d 652, 653 [2008]). Here, there was a sound and substantial basis in the record for the Supreme Court's award of alternate weekend

visitation to the father with provision for visitation on alternate major holidays (*id.*). Skelos, J.P., Fisher, Santucci and Leventhal, JJ., concur.