■ In the Matter of MAX F., JR., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EMMA F., Appellant. (Proceeding No. 1.) In the Matter of STELLA F., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EMMA F., Appellant. (Proceeding No. 2.) [910 NYS2d 920]—In two related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Nassau County (Dane, J.), dated March 27, 2009, which directed that the Nassau County Department of Social Services be given temporary supervision over the family.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The temporary order of supervision appealed from expired following the issuance of an order of fact-finding and disposition with respect to the underlying neglect petition for Max F., Jr. In addition, Stella F. is now an adult, and the underlying petition with respect to her has been dismissed. Therefore, the rights of the parties will not be directly affected by a determination as to the propriety of the temporary order of supervision (*see Matter of Perez v Sepulveda*, 60 AD3d 1072, 1073 [2009]; *Matter of Nancy C. v Alison C.*, 57 AD3d 986 [2008]; *Matter of Cooper-Winfield v Gary*, 9 AD3d 366, 366-367 [2004]). Further, the issu-

ance of the temporary order of supervision in this case "did not constitute a permanent and significant stigma which might indirectly affect the appellant's status in potential future proceedings" (*Matter of McClure v McClure*, 176 AD2d 325, 326 [1991] [internal quotation marks omitted]; *see Matter of Perez v Sepulveda*, 60 AD3d at 1073; *Matter of Nancy C. v Alison C.*, 57 AD3d 986 [2008]). Accordingly, the appeal from the temporary order of supervision must be dismissed. Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.