■ In the Matter of SANDRA N., Appellant, v ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents, and SEAMEN'S SOCIETY FOR CHILDREN AND FAMILIES et al., Respondents. [962 NYS2d 75]—

Order, Family Court, New York County (Douglas E. Hoffman, J.), entered on or about July 22, 2011, which, inter alia, denied and dismissed petitioner great grandmother's petition for custody of the subject children, and transferred custody and guardianship of the children to the respective agencies and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The court properly determined that it was in the best interests of the children to deny the petition and to free each child for adoption by their respective foster mothers, with whom each child has lived since shortly after birth (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). There is no presumption that it is in a child's best interest for custody to be awarded to a relative (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]), and the record demonstrates that each child has thrived in their foster homes, and both foster parents have tended to the needs to the children and have expressed a love for the child in their custody and the desire to adopt. Although the court-appointed expert expressed some reservations concerning one of the foster parents, the court properly determined that there was no ambivalence in her love for the child and the desire to adopt him (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]). Moreover, the expert noted that petitioner had minimized the children's problems, namely, one child's special needs and the other child's language and development delays. Concur—Tom, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.