# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**849**

**CAF 14-02047**

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF JACKIE L. MICKLE,
PETITIONER-APPELLANT,

V                                        MEMORANDUM AND ORDER

MICHAEL P. MICKLE, RESPONDENT-RESPONDENT.

---

ROY G. FRANKS, MARION, FOR PETITIONER-APPELLANT.

DAVID E. CODDINGTON, ATTORNEY FOR THE CHILDREN, HORNELL.

---

Appeal from an order of the Family Court, Allegany County (Thomas P. Brown, J.), entered October 14, 2014 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded sole custody of the children to respondent.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by striking the provision requiring petitioner to participate in counseling as a prerequisite for seeking visitation, and as modified the order is affirmed without costs.

Memorandum: Petitioner mother appeals from an order granting respondent father sole custody of the children. We reject the mother's contention that she was denied effective assistance of counsel. The mother failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (*Matter of Brown v Gandy*, 125 AD3d 1389, 1390 [internal quotation marks omitted]). We agree with the mother, however, that Family Court erred in requiring the mother to "actively engage[]" in individual counseling before seeking visitation with the children (*see Matter of Ordona v Cothern*, 126 AD3d 1544, 1546; *Matter of Vieira v Huff*, 83 AD3d 1520, 1522). "Although a court may include a directive to obtain counseling as a *component* of a custody or visitation order, the court does not have the authority to order such counseling as a prerequisite to custody or visitation" (*Matter of Avdic v Avdic*, 125 AD3d 1534, 1535). We therefore modify the order accordingly.

The mother's contention that the court erred in issuing an order of protection is moot inasmuch as the order has expired by its own terms (*see Matter of Whitney v Judge*, 138 AD3d 1381, 1382, *lv denied* 27 NY3d 911; *Matter of Perez v Sepulveda*, 60 AD3d 1072, 1073, *lv dismissed* 12 NY3d 899). We have considered the mother's remaining

contentions and conclude that they are without merit.

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court