■ In the Matter of JUAN J.R., Appellant, v KRYSTAL R., Respondent. [39 NYS3d 446]—

Order, Family Court, Bronx County (Llinet Rosado, J.), entered on or about April 23, 2015, dismissing the maternal grandfather's petition for custody of the subject child, unanimously affirmed, without costs.

As between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes the existence of extraordinary circumstances (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). The court conducts a two-prong inquiry. First, the

nonparent must prove extraordinary circumstances such as surrender, abandonment, persistent neglect, unfitness, or involuntary disruption of custody over an extended time period or other like circumstances (*id.* at 546). If extraordinary circumstances are established, then the court must make an award based on the best interests of the child (*id.* at 547-548; *Matter of Suarez v Williams,* 26 NY3d 440, 446, 454 [2015]). A grandparent of a minor child may demonstrate extraordinary circumstances where there was a prolonged separation of the parent and child for at least 24 continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the grandparent's household. The court may find extraordinary circumstances exist even where the prolonged separation lasts for less than 24 months (Domestic Relations Law § 72 [2] [a], [b]).

The court properly found that the grandfather failed to demonstrate the requisite extraordinary circumstances. Although the mother had prolonged absences, none of which amounted to 24 continuous months, during which time the child resided with the grandparents, it was undisputed that she made clear that she intended to retrieve the child after she established a household in Indiana and maintained contact for part of the time that she was out of state.

The court did not find the testimony concerning the mother's drug use to be credible because the grandmother and grandfather contradicted each other, she had no history of child protective or criminal proceedings against her, and her older child was well cared for. This finding is entitled to deference (*see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946, 947 [1985]). Concur—Mazzarelli, J.P., Acosta, Richter, Kapnick and Gesmer, JJ.