Matter of Richard I. v Darcel I. (2019 NY Slip Op 03136)





Matter of Richard I. v Darcel I.


2019 NY Slip Op 03136


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9087

[*1]In re Richard I., Jr., Petitioner-Respondent,
v
Darcel I., Respondent-Appellant.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Anne Reiniger, New York, for respondent.
Steven P. Forbes, Jamaica, attorney for the child.



Order, Family Court, New York County (Marva A. Burnett, Referee), entered on or about April 5, 2018, which, after a hearing, granted petitioner father's application for sole physical and legal custody of the subject child, unanimously affirmed, without costs.
The determination that the father established that there has been a sufficient change of circumstances such that a modification of the custody arrangement was in the child's best interests has a sound and substantial basis in the record (see McGinnis v McGinnis, 159 AD3d 475 [1st Dept 2018]; cf. Matter of David H. v Khalima H., 111 AD3d 544 [1st Dept 2013], lv dismissed 22 NY3d 1149 [2014]). While respondent mother had been the child's primary caretaker, the child struggled in school, was often late to school and had poor hygiene. The child was also suspended twice from school for violent behavior, and the mother failed to enroll him in therapy despite recommendations by the school. On the other hand, the father worked with the school to help the child improve, enrolled the child in individual therapy and participated in sessions with him, and consistently provided for the child's care and well-being (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]).
The forensic evaluator found that both parents had a strong relationship with the child, but that the father was more willing than the mother to facilitate the noncustodial parent's relationship with the child (see Matter of Damien P.C. v Jennifer H.S., 57 AD3d 295 [1st Dept 2008], lv denied 12 NY3d 710 [2009]). Furthermore, the court properly struck the mother's testimony after she failed to appear to complete her testimony and drew a negative inference on that basis (see Matter of Rosemary V. [Jorge V.], 103 AD3d 484 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK